LTL Attorneys LLP
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Joe H. Tuffaha (Bar No. 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (Bar No. 284022)
  prashanth.chennakesavan@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel.: (213) 612-8900
Fax: (213) 612-3773

Counsel for Plaintiff
TP-Link USA Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TP-LINK USA CORPORATION, a California Corporation,<br><br>              Plaintiff,<br><br>        v.<br><br>CAREFUL SHOPPER, LLC, a New York company, ADAM STARKE, an individual, SORA STARKE, an individual, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 8:19-CV-00082<br><br>**COMPLAINT**<br><br>1. **Violation of the Lanham Act**<br>2. **Cal. Business & Professions Code § 17200 *et seq*.**<br>3. **Common Law Injury to Business Reputation**<br>4. **Common Law Unfair Competition**<br>5. **Common Law Trademark Infringement**<br>6. **Unjust Enrichment**<br><br>   **JURY TRIAL DEMANDED** |

1    Plaintiff TP-Link USA Corporation ("TP-Link"), by and through its attorneys,
2  brings this action against Defendants Careful Shopper, LLC ("Careful Shopper"),
3  Adam Starke, Sora Starke, and DOES 1 through 10 (collectively, "Defendants"),
4  and hereby alleges as follows.

5                               **NATURE OF ACTION**

6    1.    For more than 20 years, TP-Link has been engaged in the marketing
7  and sale of high-quality computer networking products, including switches, routers,
8  wireless adapters, and other computer accessories. TP-Link and its affiliates sell
9  products throughout the United States and internationally, including in this district.

10   2.    TP-Link is the exclusive licensee of numerous registered trademarks
11  for the mark "TP-LINK" in connection with computer networking products
12  (collectively, "TP-LINK® Marks").

13   3.    Pursuant to the license agreement, TP-Link has the exclusive right to
14  market, sell, distribute or offer products and services in connection with the TP-
15  LINK® Marks.  TP-Link also has the right to sublicense or assign the use of the TP-
16  LINK® Marks to any third-party for use in the United States.

17   4.    TP-Link has the right to take all actions necessary to protect the rights
18  in the TP-LINK® Marks, including, without limitation, making demands and claims
19  and filing suit in connection with any alleged infringement and unfair competition,
20  including for past, present or future claims, and is entitled to retain all damages, fees
21  and any other amounts awarded.

22   5.    This action arises out of Defendants' unauthorized incorporation and
23  infringing use of the TP-LINK® Marks in connection with networking products,
24  including routers, switches, range extenders, PowerLine adapters, modems,
25  adapters, smart home products, and cameras.

26   6.    Defendants have been on notice of their infringement of TP-Link's
27  intellectual property, including the TP-LINK® Marks since at least March 2018,
28  when they received a notice from Amazon. TP-Link brings this action for

1

infringement of the TP-LINK® Marks in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code § 17200 *et seq.*; for common law injury to business reputation; for unfair competition and trademark infringement under the common law of the State of California; and for unjust enrichment.

## JURISDICTION AND VENUE

7.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has supplemental claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, either directly or through its agents, transacts business in the State of California and in this judicial district ("district"), directed its activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected its acts to have consequences in the State of California and this district.

9.    Venue is proper in this district under 28 U.S.C. § 1391 because this action arises out of wrongful acts, including advertising, offering for sale, and selling and distributing products, by Defendants within this judicial district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10.    Plaintiff TP-Link USA Corporation is a corporation organized under the laws of the State of California, with its principal place of business located at 145 South State College Blvd., Suite 400, Brea, California, 92821.

11.    On information and belief, Defendant Careful Shopper, LLC is registered under the laws of the State of New York, with its principal place of

business in Brooklyn, New York.

12. On information and belief, Defendant Adam Starke, is the Owner and Managing Member of Careful Shopper, LLC, and resides in Brooklyn, New York.

13. On information and belief, Defendant Sora Starke is a Member of Careful Shopper, LLC, and resides in Brooklyn, New York. Upon information and belief, Sora Stake actively participated in the business activities of Careful Shopper, including the advertising, listing and sale of the at-issue products bearing the TP-LINK® Marks.

14. Upon information and belief, Careful Shopper, Adam Starke, and Sora Starke are and have been marketing and selling infringing networking products in and around the Los Angeles, California area and, on information and belief, throughout the United States.

15. The true names or capacities of Defendants named herein as DOES 1 through 10 are presently unknown to TP-Link. Therefore, TP-Link sues said Defendants by such fictitious names, and it will amend this Complaint to show their true names and capacities when the same has been ascertained. TP-Link is informed and believes, and based thereon alleges, that Defendants sued as DOES 1 through 10, and each of them, are liable in whole or in part for the wrongful acts alleged herein.

16. On information and belief, each Defendant, including DOES 1 through 10, inclusive, have willfully aided and abetted each of the other Defendants in the wrongful concerted action described herein, or acted with or in furtherance of that action, or assisted in carrying out its purpose alleged in this Complaint.

17. Defendants, and each of them, are individually sued as participants and aiders and abettors in the wrongful conduct complained of herein, and the liability of each arises from the fact that each has engaged in all or part of the improper acts, plans, schemes, conspiracies, or transactions complained of herein.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     TP-Link's Registered Trademarks

18.     TP-Link is the exclusive licensee with all rights to enforce U.S. Trademark Registration Nos. 3,175,495, 4,307,337, and 4,244,599 (the "TP-LINK® Marks") in both standard character and stylized design forms. Copies of the registrations of TP-LINK® trademarks are attached hereto as **Exhibit 1**.

19.     U.S. Trademark Registration No. 3,175,495 is the registration for "TP-LINK" in International Class 9 for "Modems, optical fiber converters, optical transmitters, optical receivers, optical switches, transmitters of electronic signals, network switches, network hubs, receiver servers, routers, videophones." On December 8, 2011, TP-Link filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the United States Patent and Trademark Office for the TP-LINK mark.  Accordingly, the TP-LINK mark is valid, subsisting, and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

20.     U.S. Trademark Registration No. 4,307,337 is registered in International Class 9 for "Modems; Network routers; adapters; Ethernet switches; switch modules; Network cards, namely, local area network computer cards for connecting portable computer devices to computer networks; optical fiber converters; telephone sets; Computer Network switches; antennas; transmitters of electronic signals; Optical communication devices, namely, optical transmitters and optical receivers; intercoms; wireless adapters for computers; Wireless access Point devices; computer peripheral devices; electronic data processing apparatus; Computer storage devices, namely blank flash drives and external computer hard drives; Electric connectors; blank integrated circuit cards; cell phones; fluorescent screens; printed circuits"; and in International Class 38 for "Radio broadcasting; television broadcasting; on-line services, namely, message sending; communications by computer terminals; communications via fiber-optic networks; providing user access to a global computer network."

21.     U.S. Trademark Registration No. 4244599 is registered in International Class 16 for "Writing paper; Printed matter, namely, newsletters and brochures in the field of networking products; Catalogs for the products in the field of networking products; Envelopes; Notebooks; Writing pads; Greeting cards; Posters; Instruction manuals for networking products; Paper bags for packaging; Plastic bags for packaging; Document files; Stationery; Stickers; Stamp cases; Adhesive tapes for stationery purposes."

22.     The registrations of TP-LINK® Marks are valid and subsisting.

23.     TP-Link has continuously used the TP-LINK® Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its high-quality computer networking products, including switches, routers, wireless adapters, and other computer accessories products since at least 2008.

24.     The arbitrary and distinctive TP-LINK® Marks are highly recognizable by the consuming public and throughout the United States and serve to identify the source and origin of the goods as TP-Link. Through longstanding use, advertising and registration, the TP-LINK® Marks have achieved a high degree of consumer recognition.

25.     TP-Link has achieved sales of millions of dollars annually from goods bearing the TP-LINK® Marks. As such, the TP-LINK® Marks and the goodwill associated therewith are valuable assets of TP-Link.

26.     TP-Link has expended a considerable amount of money in advertising, promoting, and marketing goods featuring the TP-LINK® Marks.

**B.     Defendants' Infringing Conduct**

27.     Upon information and belief since at least 2016, Defendants have been marketing and selling, and continues to market and sell, networking products bearing the infringing TP-LINK® Marks, including such products on the Amazon marketplace.

28.     Defendants are unauthorized re-sellers of products bearing the TP-

LINK® Marks. Upon information and belief, Defendants' annual sales were over $1.5 million, in part, gained by the unauthorized listing and selling of goods bearing the TP-LINK® Marks. Unauthorized sales of products bearing the TP-LINK® Marks do not convey the manufacturer's original warranty and as such are materially different than genuine TP-Link products.

29.   TP-Link is informed and believes, and based thereon alleges, that Defendants caused hundreds of products infringing the TP-LINK® Marks to enter into interstate commerce, including California and this judicial district.

30.   Defendants' use and incorporation of the TP-LINK® Marks is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Defendants' products, as to TP-Link's affiliation, connection, or association with Defendants, and/or as to TP-Link's approval or sponsorship of Defendants' products or commercial activities.

31.   Defendants' infringing use of the TP-LINK® Marks has and will financially harm TP-Link by diminishing the value of the TP-LINK® Marks as an indicator of the source of TP-Link networking products.

32.   The presence of Defendants' listing and selling of products in the marketplace bearing the TP-LINK® Marks and in advertising injures and damages the value of TP-Link's exclusive rights in its registered trademarks. Among other things, TP-Link has suffered advertising injury due to Defendants' selling, offering for sale, and advertising of products bearing the TP-LINK® Marks.

33.   Upon information and belief, Defendants' use and incorporation of the TP-LINK® Marks will and did increase the popularity and profitability of Defendants' sale of products and business. Moreover, TP-Link and consumers were and will be harmed by such confusion as Defendants unjustly benefit from the false association with the TP-LINK® Marks at no cost to Defendants. This will and has harmed TP-Link by endangering and undermining the ability of the TP-LINK® Marks to serve as a unique and distinctive indicator of the quality and characteristics

of the goods bearing the marks.

34.     TP-Link is informed and believes, and based thereon alleges, that Defendants have offered for sale, advertised, and sold products bearing the TP-LINK® Marks in connection with networking products with the intent to benefit from TP-Link's goodwill and reputation in the networking products market, to deceive the public as to the source or origin of Defendants' networking products, and to profit from the demand created by TP-Link's specialized, high-quality computer networking products.

35.     Defendants have used and affixed marks confusingly similar to the TP-LINK® Marks in connection with the advertising, sales and/or offers for sale of products in such a way that these marks are likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' products.

36.     TP-Link is informed and believes, and based thereon alleges, that Defendants, and each of them, through their servants and/or agents, have used in connection with sales and/or offers for sale of products bearing the TP-LINK® Marks false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which were and are likely to cause confusion, or to cause mistake, or to deceive as to the origin of the products with the intent to benefit from TP-Link's reputation and goodwill in the computer networking products market, to deceive the public as to the origin of the products bearing the TP-LINK® Marks, and to profit from the demand created by TP-Link for its specialized, high-quality computer networking products.

37.     Defendants are well aware of TP-Link's rights in the TP-LINK® Marks. Indeed, Defendants were sent at least two notices by Amazon that their use of the TP-LINK® Marks constituted a violation of TP-Link's intellectual property rights. True and correct copies of Amazon's notices to Defendants dated March 31, 2018 and April 9, 2018 are attached hereto as **Exhibit 2**.

38.     On or around May 17, 2018, Adam Starke, as Managing Member of

Careful Shopper, sent a letter to Amazon's General Counsel David Zapolsky, concerning Defendants' ongoing issues with the unauthorized sales and violation of TP-Link's intellectual property rights over a three year period.  A true and correct copy of Starke's May 17, 2018 letter is attached hereto as **Exhibit C**.

39.   Defendant's actions have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the TP-LINK® Marks and reputation of TP-Link.

40.   This is an exceptional case entitling TP-Link to treble damages and attorneys' fees as allowed for under the Lanham Act and California law.

**FIRST CAUSE OF ACTION**

**(Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*)**

**Against All Defendants**

41.   TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

42.   The TP-LINK® Marks are inherently distinctive and have acquired secondary meaning among consumers of networking products. Purchasers associate the TP-LINK® Marks only with genuine TP-Link products that convey with the original manufacturer's warranty. The TP-LINK® Marks are nationally recognized as being affixed to goods and merchandise of high quality and originating from TP-Link. This is a result of the marks' inherent distinctiveness, and of extensive advertising and sales throughout the United States and internationally of TP-Link's products bearing the TP-LINK® Marks.

43.   Defendants' unauthorized use of TP-LINK® Marks in connection with networking products in interstate commerce and advertising relating to the same constitutes false designation of origin and a false representation that the products sold by Defendants are offered, sponsored, authorized, licensed by or otherwise connected with TP-Link or come from the same source as TP-Link's goods and are of the same quality as that assured by the TP-LINK® Marks.

44.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that TP-Link has sponsored, authorized, licensed or is otherwise connected or affiliated with the products bearing the TP-LINK® Marks sold by Defendants in violation of 15 U.S.C. § 1114.

45.     Upon information and belief, Defendants' ongoing acts of infringement are willful and deliberate, and are intended to confuse the public as to the source of good bearing the TP-LINK® Marks and to injure TP-Link and reap the benefit of TP-Link's goodwill associated with the TP-LINK® Marks.

46.     As a direct and proximate result of Defendants' willful and unlawful conduct, TP-Link has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing the TP-LINK® Marks.

47.     Defendants' foregoing acts are causing irreparable harm to TP-Link for which there is no adequate remedy at law.

48.     In light of the foregoing, TP-Link is entitled to injunctive relief prohibiting Defendants from using the TP-LINK® Marks, or any marks confusingly similar thereto, for any purpose, and to recover from Defendants all damages that TP-Link has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount to be determined, as well as the costs of this action, attorneys' fees and treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Unfair Competition, 15 U.S.C. § 1125(a))

### Against All Defendants

49.     TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

50.     By reason of Defendants' acts complained of herein concerning use of

the TP-LINK® Marks in connection with the marketing and sales of networking products, Defendants have intentionally engaged in conduct that constitutes false advertising, false designation of origin, false or misleading description of fact, false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between TP-Link's goods and Defendants' goods bearing the TP-LINK® Marks in violation of 15 U.S.C. § 1125(a). TP-Link believes that customers have been and are likely to be confused by Defendants' use of such false designations of origin, false descriptions or representations regarding the sale of products bearing the TP-LINK® Marks by Defendants.

51.    In addition, Defendants' false designations of origin, false descriptions, and misrepresentations, including in advertising, regarding the use of the TP-LINK® Marks in connection with networking products, are likely to confuse networking product purchasers into thinking that TP-Link is the source of goods sold by Defendants, that TP-Link has sponsored Defendants' use of the TP-LINK® Marks, that Defendants' goods are in some manner affiliated with TP-Link, or that the Defendants' goods are the same as TP-Link's networking products, including that Defendants' products convey with the original manufacturer's warranty.

52.    Defendants' use of the TP-LINK® Marks constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

53.    Defendants' past and ongoing acts of unfair competition and false designation of origin are willful and deliberate, and result in substantial damage to TP-Link in an amount to be determined.

54.    Because of Defendants' conduct, TP-Link has been irreparably harmed in its business. Moreover, TP-Link will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations regarding the use of the TP-LINK® Marks in connection with networking products.

///

**THIRD CAUSE OF ACTION**

**(Unfair Competition, Cal. Bus. Prof. Code §17200 *et seq.*)**

**Against All Defendants**

55.     TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

56.     Defendants' actions discussed herein constitute unfair competition in violation of Cal. Bus. Prof. Code § 17200 *et seq.*  By committing the acts herein alleged, including adoption of and use in commerce in the State of California of goods bearing the TP-LINK® Marks in connection with the sale of goods, Defendants have unfairly appropriated the TP-LINK® Marks and the reputation and goodwill associated therewith.

57.     Defendants' conduct constitutes, among other things, unfair competition, infringement of registered trademarks, passing off, deceptive advertising, unfair trade practices, dilution of the distinctive quality of the TP-LINK® Marks, and injury to TP-Link's reputation.

58.     On information and belief, Defendants' acts have been done oppressively, fraudulently and maliciously and with an intent to trade upon the goodwill of TP-Link and to injure TP-Link.

59.     Because of this unfair competition, TP-Link has been irreparably harmed in its business. Defendants' will continue the acts of unfair competition described above to the irreparable injury of TP-Link and the public unless restrained and enjoined.

60.     TP-Link is entitled to disgorgement of all of Defendants' profits associated with this unfair competition.

**FOURTH CAUSE OF ACTION**

**(Common Law Injury to Business Reputation)**

**Against All Defendants**

61.     TP-Link incorporates by reference the paragraphs above as if fully set

11

forth herein.

62.    Defendants' use of the TP-LINK® Marks injures and creates a likelihood of injury to TP-Link's business reputation because persons encountering Defendants and their products will believe that TP-Link is affiliated with or related to or has the approval of TP-Link, and any adverse reaction by the public to Defendants' and the quality of their products and the nature of their business will injure the business reputation of TP-Link and the goodwill that it enjoys in connection with the TP-LINK® Marks.

63.    Defendant's ongoing acts injuring TP-Link's business reputation are willful and deliberate, and result in substantial damage to TP-Link in an amount to be determined.  TP-Link is entitled to punitive damages against Defendants.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

### Against All Defendants

64.    TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

65.    Defendants' actions constitute unfair competition under the common law of the State of California.

66.    Defendant's ongoing acts of unfair competition are willful and deliberate, and result in substantial damage to TP-Link in an amount to be determined.  TP-Link is entitled to punitive damages against Defendants.

## SIXTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

### Against All Defendants

67.    TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

68.    The general consuming public of California widely recognizes the TP-LINK® Marks as designating TP-Link as the source of networking products. TP-

Link has common law trademark rights in the TP-LINK® Marks under California law.

69.    Defendants' actions, as hereinbefore alleged, constitute trademark infringement in violation of the common law of the State of California.

70.    Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to TP-Link in an amount to be determined.  TP-Link is entitled to punitive damages against Defendants.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

### Against All Defendants

71.    TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

72.    Defendants' use of the TP-LINK® Marks has confused and deceived consumers to believe falsely that the goods marketed and sold by Defendants are sponsored, endorsed by and/or otherwise affiliated with TP-Link.

73.    The circumstances are such that it would be inequitable, unconscionable, and unjust to permit Defendants to retain the benefit of the sales they have unfairly obtained from using the TP-LINK® Marks.

74.    TP-Link requests disgorgement of all profits wrongfully obtained by Defendants through their use of the TP-LINK® Marks, and restitution to TP-Link in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, TP-Link prays for the following relief:

A.    That Defendants and their agents, officers, employees, representatives successors, assigns, attorneys, and all other persons in active concert or participation with Defendants, be permanently enjoined from:

1.    advertising, promoting, marketing, offering for sale, selling or using the TP-LINK® Marks in connection with networking products;

2.    infringing the TP-LINK® Marks;

3.    making any designations of origin, descriptions or representations that TP-Link is the source of products sold by Defendants, that TP-LINK has sponsored products sold by Defendants, that products sold by Defendants are in some manner affiliated with TP-Link, or that products sold by Defendants are the same as TP-Link's products; and

4.    otherwise deceptively or unfairly competing with TP-Link in the sale of networking products;

B.    That Defendants be directed to file with this Court, within *thirty* days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

C.    That TP-Link be awarded damages in an amount to be determined, but in excess of $500,000, based on Defendants':

1.    infringement of the TP-LINK® Marks;

2.    false designations of origin, descriptions and representations regarding products bearing the TP-LINK® Marks sold by Defendants; and

3.    acts of injury to business reputation, unfair competition, trademark infringement, and unjust enrichment against TP-Link;

D.    That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by TP-Link resulting from the acts alleged herein;

E.    That Defendants be compelled to account to TP-Link for any and all profits derived by it from its illegal acts complained of herein;

F.    That the Court declare this to be an exceptional case and award TP-Link, treble damages, its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

G.    That TP-Link be awarded under 15 U.S.C. § 1117 enhanced damages up to three times the amount found as actual damages in an amount to be determined;

1    H.    That the Court grant TP-Link any other remedy to which it may be
2  entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law;

3    I.    That Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver to
4  TP-Link for destruction all labels, signs, prints, packages, wrappers, receptacles,
5  advertising materials, products or the like that bear marks confusingly similar to the
6  TP-LINK® Marks, or that result in any unfair competition by Defendants against
7  TP-Link;

8    J.    That TP-Link be awarded its reasonable attorneys' fees and costs in
9  accordance any and all applicable statutes, rules and common law based on
10 Defendants' illegal acts complained of herein;

11    K.    That TP-Link be awarded punitive and/or treble damages in an amount
12 to be determined; and

13    L.    That TP-Link be awarded such other relief as the Court may deem just
14 and proper.

15

16

17 Dated: January 15, 2019                    Respectfully submitted,

18                                            **LTL ATTORNEYS LLP**

19                                      By:   */s/ Heather F. Auyang*
20                                            _____
21                                            Heather F. Auyang
                                              Joe H. Tuffaha
22                                            Prashanth Chennakesavan

23                                            *Counsel for Plaintiff*
                                              *TP-Link USA Corporation*
24

25

26

27

28

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff TP-Link USA Corporation hereby demands a trial by jury on all issues raised by the Complaint that are triable by jury.

Dated: January 15, 2019

Respectfully submitted,

**LTL ATTORNEYS LLP**

By:   */s/ Heather F. Auyang*

Heather F. Auyang
Kevin M. Bringuel
Prashanth Chennakesavan

*Counsel for Plaintiff*
*TP-Link USA Corporation*

DEMAND FOR JURY TRIAL