James C. Shah (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
35 E. State Street
Media, PA 19063
Phone: (610) 891-9880
Fax: (866) 300-7367
jshah@sfmslaw.com

*Attorneys for Defendants, Careful Shopper, LLC Adam Starke and Sora Starke*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TP-LINK USA CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CAREFUL SHOPPER, LLC, ADAM J. STARKE, SORA STARKE, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:19-CV-00082-JLS-KES<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER OR STAY THIS ACTION** |

Defendants, Careful Shopper LLC ("Careful Shopper"), Adam J. Starke and Sora Starke ("Defendants"), submit this Reply in further support of their Motion to Dismiss or, in the Alternative, Transfer or Stay This Action ("Motion"). Defendants' Reply focuses on two issues not entirely covered in their Motion.

A. The April 5, 2019 EDNY Hearing

Although this case has commanded resources of both the Court and Counsel, in the end the parties are in a procedural morass of sorts.[1] To further complicate matters, TP-Link relies heavily upon spontaneous remarks from the Bench in the New York Action at the hearing of April 5, 2019. TP-Link points to those of-the-cuff remarks to suggest that Judge Dearie has already decided the personal jurisdictional issue in TP-Link's favor. While Defendants do not dispute the content of Judge Dearie's comments, remarks from the bench are decidedly not final decisions:

> It is the court's holding — not the judge's initial remarks from the bench — that accompanies the final order on appeal to us. Viewed in context, none of the judge's initial remarks can be fairly deemed a 'factual finding.' *Ante* at 16 n.7. Nor should they be woven into a factual narrative as if they were.

---

[1] Aside from Judge Dearie's offhand remark about arbitrating the case, His Honor neither asked any questions nor entertained any argument regarding TP-Link USA Corporation's ("TP-Link") argument that the Amazon arbitration provision between Careful Shopper and Amazon entitles TP-Link, a wholly unrelated non-signatory thereto, to demand arbitration thereunder.

*Mason v. Commonwealth*, 64 Va. App. 292, 767 S.E.2d 726, 741 (2015). *See also Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 893 (5th Cir. 1991) ("the idle remarks of the court during trial do not implicate the rights of the parties as much as the court's final decision"); *Rodriguez v. Rozum,* 535 F. App'x 125, 129 (3d Cir. 2013) ("the *en banc* court found that the trial judge's remarks from the bench were not 'findings of fact' but instead were 'gratuitous prefatory remarks'").

Without a final, binding decision from Judge Dearie, whether the Eastern District of New York lacks personal jurisdiction over TP-Link is uncertain at this point how Judge Dearie will rule. His Honor remarked as follows:

> Is everybody familiar with the KISS test? . . . But, in my head, if I keep it simple, which is why I have some reservations, it's TP-Link transaction business in New York—without question—as they concede—with folks like B&H, no direct contact that I can discern with Careful Shopper. Careful Shopper acquires these products, sells them on Amazon to third parties . . .
>
> That's pretty simple—*maybe too simple*, I will concede—but, on the basis of that, I don't see how we drag TP-Link into a New York court . . . it has nothing to do with the gravamen of the lawsuit.

Dkt. 24-3, Transcript of April 5, 2019 Hearing, at 3:21-4:13 (emphasis added).

In his remarks at the hearing Judge Dearie did not mention application of the KISS test with respect to the purchases that TP-Link, through Tom Lei, made directly (and surreptitiously) from Careful Shopper on the Amazon Marketplace. To hold that those purchases do not constitute the transaction of business in New York, Judge Dearie will have to decide that purchases on Amazon, from a third-

party seller,[2] are critically different for personal jurisdictional purposes than purchases directly from a seller on its own website.[3]

Further, Judge Dearie also made remarks during the hearing that suggest a desire to address the merits of the case. For example, Judge Dearie stated, "Meanwhile, it seems to me -- well, the trademark is a different matter, but I'm tempted to discuss the merits of the underlying claims, but we will save that perhaps for another day." Dkt. 24-3 at 19:13-16. These competing comments made during the hearing give further support to the argument that remarks are not final decisions and that neither the parties, nor this Court, should treat them as such.

### B. Federal Rule of Civil Procedure 13(a) Applicability and Satisfaction

The second issue addressed in this Reply is whether TP-Link's trademark infringement claim is a compulsory counterclaim in the main action and whether Rule 13(a) applies.

#### 1. <u>Rule 13(a) is Applicable</u>

---

[2] All agree that CSC was the "seller" as a matter of law.

[3] In so ruling, the Court would call into question whether purchasers of products on the Amazon Marketplace from New York third-party sellers may (or may not) enjoy the protection of NYGBL 639-b, rendering manufacturer's new product warranty disclaimer unenforceable as to New York transactions. *See Bel Canto Design, Ltd. v. MSS HiFi, Inc.,* 837 F. Supp. 2d 208, 227; 2011 U.S. Dist. LEXIS 146701, at *45. Since the Amazon platform transacts roughly 50% of the online sales nationally, such a decision would be of great legal consequence.

Rule 13(a)(1) provides that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." TP-Link conflates "claim that . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" with "at the time of its service" to create a dependency of the claim on the actual filing of a "pleading," as defined by Civ. Rule 7. The Rule does not require an actual filing of a respondent's "pleading" in order to limit the counterclaimant's options to filing in the first-filed court. Rather, Civ. Rule 13(a) imparts that any such claim shall be filed in the first-filed court if it is to be filed in any court at all:

> The better and prevailing view is that an action is either sufficiently related to another action to meet the compulsory counterclaim test or it is not. The status of the first-filed action is irrelevant. To hold otherwise would be a considerable if not fatal blow to Rule 13(a) and the policies it embodies.

*Grumman Sys. Support Corp. v. Data Gen. Corp.*, 125 F.R.D. 160, 163-64 (N.D. Cal. 1988).

Obviously, TP-Link's argument goes too far. Were TP-Link's argument correct, Civ. Rule 13(a) would compel the filing of **no** counterclaim except upon the counterclaimant's election. By not filing a Civil Rule 7 "pleading," the litigant would leave the door open to filing her related claim in the forum of her choice.

2. **Rule 13(a) is Satisfied**

TP-Link is correct that the events giving rise to its compulsory counterclaim were not the same events as those giving rise to Careful Shopper's claims. The Second and Ninth Circuit, however, apply a "Logical Connection Test," and not a "Same Events Test," as TP-Link suggests.

The compulsory counterclaim rule is meant to bring related subject matters together in a single proceeding; hence, the use of the wording "subject matter" in the Rule. In the Second Circuit, intellectual property and business interference claims have long been held sufficiently related to warrant and require Rule 13(a) treatment:

> In determining whether a claim 'arises out of the transaction . . . . that is the subject matter of the opposing party's claim, 'this Circuit generally, has taken a broad view, not requiring 'an absolute identity of factual backgrounds . . . . but only a logical relationship between them.' *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1979) (quoting *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213, 216 (2d Cir.1955)); *see Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S. Ct. 367, 371, 70 L. Ed. 750 (1926). *See also,* 3 Moore's Federal Practice at para. 13.13.
>
> In *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d at 216, the Second Circuit held that a counterclaim alleging unfair trade practices and conspiratorial activities was logically related to an action for copyright infringement, and was, therefore, a compulsory counterclaim. In applying Fed.R.Civ.P. 13(a), the court noted that 'transaction is a word of flexible meaning. It may comprehend a series of many occurrences depending not so much upon the immediateness of their connection as upon their logical relationship.' *Id.* at 216 (quoting *Moore v. New York Cotton Exchange,* 270 U.S. at 610, 46 S. Ct. at 371). United Artists' lawsuit was alleged to be 'one of a series of harassing maneuvers designed to interfere with defendant's . . . . rights.' *United Artists,* 221 F.2d at 216.

*Four Seasons Solar Prods. Corp. v. Sun Sys. Prefabricated Solar Greenhouses, Inc.,* 101 F.R.D. 292, 295 (E.D.N.Y. 1983).

As Defendants stated in their opening brief:

> TP-Link's defense in New York, *i.e.* that 'unauthorized' sales did not carry a new product warranty and were therefore materially different than 'authorized' sales, is the central pillar of TP-Link's affirmative position here.  It is unquestionably the case that TP-Link's Trademark Infringement Claims bear a logical relationship to the New York Action.

Motion, Dkt. 21 at 11.

**C.     Conclusion**

Based on Judge Dearie's comments at the initial scheduling conference on September 12, 2018, TP-Link's tactics throughout the New York litigation, which resulted in three adverse rulings from Magistrate Judge Levy - on a Motion to Compel Discovery,[4] a Motion to Strike Constitutional Argument,[5] and a Motion for Excess Pages[6] - Defendants decided that it would be imprudent to consent to a material delay in the case.  With that said, Defendants are well aware of Judge Dearie's remarks at the April 5th hearing and fully appreciate that it is within the Court's discretion, should it so choose, to defer ruling on the instant Motion at this

---

[4] *Careful Shopper, LLC v. TP-Link USA Corporation,* Case No.18-cv-03019 E.D.N.Y. filed May 22, 2018, at Order of November 30, 2018.
[5] *Id*. at Order of February 14, 2019 (Motion granted on consent after TP-Link agreed to abandon the constitutional agreement that Plaintiff sought to strike).
[6] *Id*. at Order of February 4, 2019.

time, adjourn the hearing currently scheduled for May 24, 2019, and/or take such further action as the Court deems appropriate.

Dated: May 10, 2019                    SHEPHERD, FINKELMAN, MILLER & SHAH LLP

By: */s/ James C. Shah*
    James C. Shah (SBN 260435)
    35 E. State Street
    Media, PA 19063
    Phone: (610) 891-9880
    Fax: (866) 300-7367
    jshah@sfmslaw.com

LAW OFFICE OF
MARK SCHLACHET
Mark Schlachet *(admitted pro hac vice)*
3515 Severn Road
Cleveland, Ohio 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390
markschlachet@me.com

*Attorneys for Defendants Careful Shopper, LLC, Adam J. Starke and Sora Starke*