**LTL ATTORNEYS LLP**

Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
Joe H. Tuffaha (SBN 253723)
joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
prashanth.chennakesavan@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

*Attorneys for Plaintiff
TP-Link USA Corporation*

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**

James C. Shah (SBN 260435)
jshah@sfmslaw.com
Kolin C. Tang (SBN 279834)
ktang@sfmslaw.com
1401 Dove Street, Suite 540
Newport Beach, CA 92660
Tel: (323) 510-4060
Fax: (866) 300-7367

*Attorneys for Defendants Careful Shopper, LLC, Adam Starke and Sora Starke*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| TP-LINK USA CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAREFUL SHOPPER, LLC, a New York company et al.,<br><br>Defendants. | CASE NO.: 8:19-CV-00082-JLS-KES<br><br>**PARTIES' JOINT RULE 26(f) REPORT**<br><br>Complaint Filed: January 15, 2019<br>Trial Date: None Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, TP-Link USA Corporation ("Plaintiff" or "TP-Link") and Defendants Careful Shopper, LLC, Adam J. Starke, and Sora Starke (collectively, "Defendants") (together, the "Parties") jointly submit the following report. The Parties conducted a telephonic conference on May 6, 2019. Heather F. Auyang and Tiffany Elias participated on behalf of Plaintiff and James C. Shah and Mark Schlachet participated on behalf of Defendants.

**A.     Statement of the Case**

Plaintiff: Plaintiff engages in the marketing and sale of high-quality computer networking products, including switches, routers, and other computer accessories. Plaintiff is the exclusive licensee of numerous registered trademarks for the mark "TP-LINK" in connection with computer networking products (collectively, "TP-LINK® Marks"). Through longstanding use, advertising and registration, the TP-LINK® Marks have achieved a high degree of consumer recognition throughout the United States. Plaintiff has expended a considerable amount of money in advertising, promoting, and marketing goods featuring the TP-LINK® Marks. As such, the TP-LINK® Marks and the associated goodwill are valuable assets of Plaintiff.

Defendant Careful Shopper is a third-party seller on the Amazon marketplace, meaning that it purchases and subsequently offers for sale goods bearing other intellectual property holders' trademarks. Careful Shopper admits that from December 2016 to at least March 2018, Defendants purchased hundreds of TP-Link-branded technology products. Defendants then marketed and sold the TP-Link products to downstream consumers nationwide through the Amazon marketplace. Defendants made such sales despite their own admission that Careful Shopper is not an authorized TP-Link reseller.

Defendants: Defendants acknowledge that Careful Shopper is a third-party seller on the Amazon marketplace and that it has sold TP-Link-branded technology

products. Nevertheless, under governing law, Defendants conduct was, at all times, appropriate and legal.

Plaintiff TP-Link complains that Defendant, Careful Shopper, listed TP-Link products as an additional seller on various Amazon product detail pages featuring such products. Careful Shopper does not dispute this allegation, but maintains that its actions were not violative of any laws.

TP-Link's claims of trademark infringement is plainly without merit. First, Sellers of "grey products," being products sold outside the manufacturers authorized sales channel, are ordinarily protected under the "First Sale Doctrine," which limits trademark protection to the first sale, i.e. from manufacturer to first-tier purchaser, *and no further.* TP-Link, however, claims that the First Sale Doctrine does not protect Careful Shopper CSC because TP-Link does not extend its original manufacturer's warranty to grey market goods. This proposition is not, however, accurate as a matter of law. *See Sebastian Int'l, Inc. v. Longs Drug Stores Corp.,* 53 F.3d 1073 (9th Circ. 1995) at n.3, citing *NEC Elecs. V. Cal Circuit Abco,* 810 F.2d 1506, 1508 (9th Circ. 1987) ("first sale" doctrine applied despite the district court's finding "that some purchasers . . . mistakenly thought their chips were protected by [the producer's] servicing and warranties." *See Huf Worldwide, LLC v. Wal-Mart Stores, Inc.,* 2017 U.S. Dist. LEXIS 28927. Further, Careful Shopper is a New York resident and under NYGBL 369-b, no warranty disclaimer by TP-Link would be permitted under the circumstances present here.

TP-Link argues further that the absence of an original manufacturer's warranty constitutes a "material difference" between "authorized" and "unauthorized' sales of TP-Link products; and the presentation of product by CSC is fraudulent, confusing and otherwise in derogation of the value of TP-Link's trademark(s). This proposition is incorrect for myriad reasons, including, but not limited to, that (1) TP-Link may, in fact, extend its warranty to products purchased from third-party sellers; and (2) Amazon has already rejected Plaintiff's complaints of trademark infringement.

PARTIES' JOINT RULE 26(F) REPORT
CASE NO. 8:19-CV-00082-JLS-KES

-2-

**B. Legal Issues**

<u>Plaintiff</u>: Plaintiff brings this action for: (1) violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; (2) violations of California Business & Professions Code § 17200 *et seq.*; (3) common law injury to business reputation; (4) unfair competition; (5) trademark infringement; and (6) unjust enrichment, based on Defendants' unauthorized marketing and sales of TP-Link's networking products.

<u>Defendants</u>: Defendants deny liability as to all of the claims asserted and maintain that the legal issues include whether: (1) New York law precludes TP-Link's purported warranty disclaimer; (2) a trademark infringement action can be predicated on voided warranties alone in the Ninth Circuit; (3) TP-Link has plead its Lanham Act claims, grounded in fraud, with sufficient particularity; (4) TP-Link can demonstrate irreparable harm; and (5) Mrs. Starke is a proper party defendant and whether her joinder raises an issue of bad faith.

**C. Damages**

<u>Plaintiff</u>: Based on Defendants' submissions, its annual sales were over $1.3 million, in part, gained by the unauthorized sales of goods bearing the TP-Link® Marks. Discovery has not yet commenced and therefore Plaintiff cannot provide a realistic range of provable damages at this time.

<u>Defendants</u>: Defendants assert that, since they have not engaged in any unlawful conduct, Plaintiff is not entitled to any damages.

**D. Insurance**

Defendants are in the process of seeking a final determination from their insurer as to whether some or all of the asserted claims are covered by insurance.

**E. Motions**

<u>Plaintiff</u>: TP-Link does not anticipate filing any motions seeking to add other parties or to amend the pleadings; however, it reserves the right to do so. TP-Link may need to file motions to compel discovery and other motions related to discovery, as well as a motion for summary judgment. Defendants have already filed a Motion

1  to Dismiss, or, in the Alternative, Transfer or Stay pursuant to the first-to-file rule,
2  or, alternatively, Rule 13(a) of the Federal Rules of Civil Procedure, which is fully
3  briefed and scheduled for hearing on May 24, 2019.

4  <u>Defendants</u>:  Defendants have presently pending a Motion to Dismiss, or in
5  the Alternative, Transfer or stay pursuant to the first-to-file rule, or alternatively,
6  Rule 13(a) of the Federal Rules of Civil Procedure.  In the event this case proceeds
7  in this District, and the related matter proceeds in the E.D.N.Y, Defendants
8  anticipate filing a Rule 12(b)(6) motion.

9  **F. Complexity**

10  The Parties agree that this case does not require utilization of the Manual for
11  Complex Litigation.

12  **G. Status of Discovery**

13  The Parties have not yet commenced discovery and filed a joint stipulation
14  with the Court agreeing to stay discovery pending a decision by both this Court and
15  the Eastern District of New York on the Parties respective motions to dismiss. *See*
16  ECF No. 26. Initial disclosures are currently set for exchange on May 20, 2019.

17  **H. Discovery Plan**

18  1. <u>Initial Disclosures</u>

19  Initial disclosures are currently set for exchange on May 20, 2019. The Parties
20  may extend this deadline given the Parties' joint stipulation staying discovery. *See*
21  ECF No. 26.

22  2. <u>Phasing, Timing, and Subjects of Discovery</u>

23  <u>Plaintiff</u>: Plaintiff will seek discovery into Defendants' purchase and resale of
24  TP-Link products and advertising and promotion thereof. All discovery should be
25  completed by January 30, 2020. Discovery need not be conducted in phases.

26  <u>Defendants</u>: Defendants will seek discovery regarding the conveyance and
27  disclaimer of the manufacturers warranty, Plaintiff's efforts to restrict the sale of grey
28  market products prior to March 31, 2018, instances of consumer confusion or other

1 alleged derogation of the trademark, any alleged conduct by Defendants aside from
2 stocking and selling the products at issue, agreements between Amazon and Plaintiff,
3 purported harm suffered by Plaintiff as a result of Defendants' conduct, and Plaintiffs'
4 conduct in the marketplace regarding third-party purchases.

3. <u>Form of Discovery; Protective Order</u>

Counsel have complied with their obligations in respect to the preservation of discoverable information, including electronically stored information ("ESI"). The parties agree that discovery should be produced in the form required by the Federal Rules of Civil Procedure. The Parties will negotiate and agree upon a protective order and ESI protocol.

4. <u>Claims of Privilege; Inadvertent Production of Privileged Materials.</u>

Any materials withheld from discovery on the grounds of privilege will be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will allow other Parties or, if necessary, the Court, to assess the claim of privilege. Privileged information inadvertently produced will, upon the request of the party making inadvertent production, be promptly returned, sequestered, or destroyed, including any copies made by the party to which inadvertent disclosure was made. The party to whom inadvertent disclosure was made shall: (1) not use or disclose the information until the claim of privilege/inadvertent production is resolved; (2) take reasonable steps to retrieve the information if the party disclosed it before being notified; and (3) promptly present the information to the court under seal for a determination of any dispute concerning the claim of privilege.

5. <u>Limitations on Discovery</u>

No limitations on discovery beyond those imposed by the Federal Rules of Civil Procedure or the Court's Local Rules appear to be required at this time. Following the Parties' Federal Rule of Civil Procedure 26(a) disclosures, counsel

for the Parties shall meet and confer about whether the number of witnesses or the number or complexity of the issues in this case requires a number of depositions in excess of those allowed under Federal Rule of Civil Procedure 30.

### I. Expert Discovery

The Parties agree that expert disclosures and discovery should occur after the close of fact discovery. The Parties' proposed timing is set forth in **Exhibit A**.

### J. Dispositive Motions

<u>Plaintiff</u>: Plaintiff contemplates filing a motion for summary judgment or partial summary judgment on all or some of the claims asserted in the Complaint. The Parties' proposed timing is set forth in **Exhibit A**.

<u>Defendants</u>: Defendants contemplate filing a motion to dismiss and / or a motion for summary judgment. To the extent that discovery is stayed as per the parties' stipulation on file with the Court, Defendants believe that the dates set forth in Exhibit A should be pushed back to reflect the length of any stay.

### K. Alternative Dispute Resolution ("ADR") Procedure Selection

The Parties agree to ADR Procedure No. 2 (Court Mediation Panel).

### L. Settlement Efforts

The Parties have engaged in limited settlement discussions thus far, but have not reached a resolution. Both Parties are open to settlement, and will continue to engage in such discussions.

### M. Preliminary Trial Estimate

The Parties anticipate a four to five day jury trial. Plaintiff expects to call five witnesses. Defendants expect to call five to seven witnesses.

### N. Trial Counsel

<u>Plaintiff</u>: Heather Auyang, Joe Tuffaha, Prashanth Chennakesavan, Tiffany Elias.

<u>Defendants</u>: James C. Shah and Mark Schlachet.

### O. Independent Expert or Master

The Parties do not anticipate requiring a master or independent scientific expert.

### P. Other Issues

The Parties are not aware of any additional issues affecting the status or management of this case at this time.

| | |
|---|---|
| **LTL ATTORNEYS LLP** | **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP** |
| By:  */s/ Heather F. Auyang*<br>Heather F. Auyang (SBN 191776)<br>Prashanth Chennakesavan (SBN 284022)<br>300 S Grand Ave, 14th Floor<br>Los Angeles, CA 90071<br>Phone: (213) 612-8900<br>Fax: (213) 612-3773<br>Email:<br>heather.auyang@ltlattorneys.com<br>prashanth.chennakesavan@ltlattorneys.com<br><br>*Attorneys for Plaintiff TP-Link USA Corporation* | By:  */s/ James C. Shah*<br>James C. Shah (SBN 260435)<br>Kolin C. Tang (SBN 279834)<br>1401 Dove Street, Suite 540<br>Newport Beach, CA 92660<br>Telephone: (323) 510-4060<br>Facsimile: (866) 300-7367<br>Email:  jshah@sfmslaw.com<br>         ktang@sfmslaw.com<br><br>*Attorney for Defendants Careful Shopper, LLC, Adam Starke and Sora Starke* |

PARTIES' JOINT RULE 26(F) REPORT
CASE NO. 8:19-CV-00082-JLS-KES

-7-

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

I, Heather F. Auyang, am the ECF User whose identification and password are being used to file the **PARTIES' JOINT RULE 26(f) REPORT**. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories have concurred in this filing.

Dated: May 17, 2019

By: */s/ Heather F. Auyang*