AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| TP-Link USA Corporation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:19-CV-00082-JLS-KES |
| Careful Shopper, LLC et al | ) |
| | ) |
| *Defendant* | ) |

**SECOND AMENDED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Amazon.com, Inc., Corporation Service Company, 300 Deschutes Way, SW,
Suite 304, Tumwater, WA 98501
Attn: Legal Department--Legal Process
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A

| Place: | Date and Time: |
|---|---|
| Central Library, 1000 Fourth Ave., Seattle, WA | January 15, 2020 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12-2-19

CLERK OF COURT                                OR      /s/ Mark Schlachet

_____                            _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mark Schlachet, 9511 Collins Ave., Ste. 605, Surside, FL 33154 markschlachet@me.com  216-225-7559
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:19-CV-00082-JLS-KES

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows: Priority USPS Mail on Corporation Service Company, 300 Deschutes Way, SW, Suite 304, Tumwater, WA 98501 on *(date)* 12-2-19 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12-2-19

Mark Schlachet
*Server's signature*

MARK Schlachet, Attorney (admitted Pro Hac Vice)
*Printed name and title*

9511 Collins Ave., Ste 605, Surfside, FL 33154
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TP-LINK USA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>CAREFUL SHOPPER, LLC, ADAM STARKE, SORA STARKE, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 8:19-CV-00082-JLS-KES |
| CAREFUL SHOPPER, LLC,<br><br>    Counterclaimant and Third-Party Plaintiff,<br><br>v.<br><br>TP-LINK USA NORTH AMERICA INC. and AUCTION BROTHERS, INC. dba AMAZZIA,<br><br>    Third-Party Defendants. | |

## ATTACHMENT "A"

Pursuant to the Subpoena to which this document is attached, you are commanded to produce the following documents, electronically stored information or tangible things:

**I.    DEFINITIONS AND INSTRUCTIONS**

    **A.    DEFINITIONS**

The following terms, definitions, and instructions shall apply to these requests:

1. The term Careful Shopper means Careful Shopper, LLC, the Defendant, Counter Claimant and Third-Party Plaintiff in the civil action from which this subpoena arises. Careful Shopper's Amazon Seller Name is "carefulshopper," and its Merchant ID is A2G24X3AHYCDIO

2. "AMAZON" means Amazon.com, Inc., including, without limitation, all subsidiaries, divisions, predecessors, successors, affiliates, parents, agents, representatives, employees, consultants, and attorneys of AMAZON, and each person acting or purporting to act on behalf or under the control of AMAZON.

3. "TP-LINK" Means Plaintiff TP-LINK USA CORPORATION, doing business as TP-Link North America, Inc.

4. "YOU," "YOUR" or "Amazon.com" means Amazon.com, Inc., the recipient of this Subpoena, including any present and former officers, directors, members, employees, agents, and all other persons acting or purporting to act on behalf of Amazon.com.

5. "PERSON" means natural Persons, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such Person or Persons.

6. The term "DOCUMENT" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a DOCUMENT which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate DOCUMENT within the meaning of this term. DOCUMENTS include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, logbooks, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. DOCUMENTS also include the file, folder tabs, and labels appended to or containing any DOCUMENTS.

7. The terms "COMMUNICATION" or "COMMUNICATIONS" mean any transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise), regardless of the manner in which the communications took place, including but not limited to face-to-face conversations, correspondence, electronic or computer mail, voicemail, telephone calls, facsimile communications, non-verbal gestures, or telegrams.

8. The term "CONCERNING" means comprising, containing, constituting, discussing, reflecting, identifying, relating to, referring to, describing, evidencing, or constituting.

9. The terms "AND" and "OR" shall be construed both conjunctively and disjunctively and the plural shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these Requests any information, documents, or things that might otherwise be construed to be outside their scope.

10. The terms "EACH," "ANY," "ALL," and "EVERY" shall be construed as synonymous with each other as necessary to bring within the scope of any examination topic the broadest possible range of subject matter.

11. The term "Amazon Seller ID" means the name used by a third party authorized by Amazon to sell products on Amazon.com to identify themselves to consumers, such as an "Amazon Storefront name" as described at http://amazon.com/storefront.

12. The term "IP Complaint" means intellectual property complaint.

13. The term "RO" means the alleged or actual owner of intellectual property or the authorized agent/licensee thereof.

14. The expression "Documents sufficient to understand," used to alleviate the need to search for "all documents, "means to fairly respond to the request for production.

B. **INSTRUCTIONS**

1. For each document which is withheld from production, whether under a claim or privilege or otherwise, pursuant to Fed. R. Civ. P. 26(b)(5)(A) you must provide a description of such document sufficient to enable Careful Shopper to determine the validity of the claim of privilege, including (i) the names and titles of

3

all authors and recipients of the document; (ii) the type of document, *e.g.*, letter, memo, etc.; (iii) the general subject matter of the document "without revealing information itself privileged or protected" (Fed. R. Civ. P. 26(b)(5)(A)(ii)); and (iv) the nature of the claimed privilege.

2. In lieu of producing physical documents to the Place of Production stated in the Subpoena,[1] You may electronically produce documents via email, thumb drive or another electronic manner directly to the attorney issuing this Subpoena: Mark Schlachet, 9511 Collins Ave., Ste. 605, Surfside, FL 33154 or at markschlachet@me.com.

## DOCUMENTS COMMANDED TO PRODUCE

1. All policies and procedures attendant to delisting an Amazon seller or a seller's listings in response to an RO's IP Complaint typed as counterfeit or trademark infringement.

2. All TP-Link IP complaints against Careful Shopper including without limitation those sent from compliance-us@tp link.com, compliance-usa@tp-link.com, us-compliance@tp-link.com and compliance.usa@tp-link.com.

3. All TP-Link IP complaints except those against Careful Shopper including without limitation those sent from compliance-us@tp link.com, compliance-usa@tp-link.com, us-compliance@tp-link.com and compliance.usa@tp-link.com.

4. Documents sufficient to understand Amazon's policy or policies concerning IP Complaints, typed as trademark infringement and predicated upon RO disclaimers or elimination of manufacturer new product warranties as to products sold on the Amazon Marketplace.

5. All documents comparing or contrasting Amazon's A-Z warranty with any new product warranty extended by an RO.

6. All documents, if any, relating to any listing or sale of TP-Link products by Careful Shopper since April 9, 2018.

---

[1] An exact Room number for production will be provided in due course, if necessary.

7. All documents, including but not limited to internal notes, concerning Careful Shopper's (1) performance evaluations at any level of seller support, (2) suspensions or removals of selling privileges effective during March-April 2018, (3) permanent removal as Amazon seller on May 1, 2018; and (4) appeals of the foregoing, including but not limited to (i) letters to Executive Seller Relations on or about May 12, 2018, (ii) letters to David Zapolsky, Esq. on or about May 16, 2018 or (iii) letters to Jeff Bezos in or about May 2018, including any consideration, decision or adjudication thereof.

8. All documents concerning (1) Auction Brothers, Inc., dba Amazzia, and (2) TP-Link including, but not limited to, those relating to TP-Link's propensities to file, or filing excessively, IP Complaints.

9. Documents sufficient to understand how Amazon determines that an account has been used to sell counterfeit goods.

10. Documents sufficient to understand (i) that which Amazon considers or may consider valid documentation of authenticity for potentially counterfeit products offered on the Amazon marketplace, and (ii) the significance or necessity of retractions or evidence of RO's authorization to sell in deciding appeals from third-party seller suspensions and expulsions from the Amazon Marketplace.

11. All first-party seller and third-party seller Business Solutions or other agreements between TP-Link and Amazon.

12. All documents concerning returns of TP-Link products by Tom Lei, screen name amazon91773.

13. Documents sufficient to understand the circumstances under which Amazon will or will not conduct an examination of product within FBA to determine a third-party seller's product authenticity.

14. As to parties whose selling accounts are suspended or terminated for having violated Amazon's selling policies, all documents concerning Amazon's policy(ies) and practice(s) in limiting details about what it specifically found to be in violation.

15. Documents sufficient to understand the incidence of IP Complaint filing by RO's against third-party sellers of generic and branded products other than private brands, with emphasis on so-called "Top Sellers" generating annual revenues of $1,000,000 or more.

16. All documents concerning any Communication between Amazon and TP-Link or any person acting for or on behalf of TP-Link since May 22, 2018, relative to Careful Shopper.