| | |
|---|---|
| 1 | Mark Schlachet (OSB 0009881) [Admitted PHV] |
| 2 | markschlachet@me.com |
| 3 | 3515 Severn Road |
|   | Cleveland, Ohio 44118 |
| 4 | Tel: (216)225-7559 Fax: (216)932-5390 |
| 5 | *Attorney for Defendants* |
| 6 | Christopher J. Hammond (SBN 150024) |
| 7 | chammond@bizlawpro.com |
|   | 21540 Prairie Street, Unit A |
| 8 | Chatsworth, CA 91311 |
|   | Tel: (866)625-2529 Fax: (866)463-9285 |
| 9 | *Local Counsel for Defendants* |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TP-LINK USA CORPORATION,<br>　　　　Plaintiff,<br>　　v.<br>ADAM & SORA STARKE,<br>　　　　Defendants,<br>　　and<br>CAREFUL SHOPPER, LLC, *et al.*<br>Defendant-Counterclaimant-<br>Third-Party Plaintiff,<br>　　v.<br>TP-LINK NORTH AMERICA INC,<br>　　and<br>AUCTION BROTHERS, INC.<br>dba AMAZZIA,<br>　　　Third-Party Defendants. | CASE NO: 8:19-cv-00082-JLS-KES<br><br>**ERRATA TO MOTION OF CAREFUL SHOPPER LLC FOR RECONSIDERATION of ECF 82 (ECF 85)**<br><br>Hearing Date: June 26, 2020<br>Hearing Time: 10:30 a.m.<br>Courtroom: 10A<br><br>Complaint filed: January 15, 2019 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE THAT due to counsel's inadvertence in cutting and pasting the wrong version of certain text from his files, now found at footnote 4 on page 13 of ECF 85, being Careful Shopper's Motion for Reconsideration, the following text appears:

This is not the first occasion that Careful Shopper has had to move to strike a submission by TP-Link found to violate fundamental fairness. During jurisdictional discovery in the Eastern District of New York, TP-Link evaded various discovery obligations by representing to Magistrate-Judge Levy that TP-Link would not rely on a Constitutional argument in its motion to dismiss for want of personal jurisdiction. The Motion to Dismiss, however, contained a Constitutional Due Process argument which TP-Link sought to justified as "related to." The gambit was to mislead Plaintiff and the Court into limiting Plaintiff's discovery to "at-suit" interactions between TP-Link and Plaintiff, and thereafter argue that Plaintiff cannot show the aggregate/quantitative "minimum contacts" demonstrating the desirability or fairness" of a state's exercise of jurisdiction, *i.e.,* Constitutional propriety. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). Magistrate-Judge Levy heard the Motion to Strike on February 14, 2019 and agreed fully with Plaintiff that any Constitutional argument, as far as he was

concerned after conducting the Rule 37 motion proceeding and reviewing its transcript, was "off the table" Judge Levy was about to order all unmade discovery to be forthwith made when TP-Link counsel proffered that it would withdraw its Constitutional argument rather than conduct further discovery. See S. Dec. at ¶8.

The 4th sentence in this paragraph is incorrect. It is unfair to TP-Link. It is in the paragraph only due to inadvertence, as stated above, when counsel transferred text from a document created many months ago, thinking it did not have the sentence four language. Undersigned counsel apologize to the court and to TP-Link for this error. It cannot be said that TP-Link intended to mislead Magistrate-Judge Levy or undersigned counsel.

The paragraph will be revised and a revised motion for reconsideration will be filed as promptly as possible. Paragraph 4 will be revised to read substantially as follows:

This is not the first occasion that Careful Shopper has had to move to strike a submission by TP-Link found to violate fundamental fairness. During jurisdictional discovery in the Eastern District of New York, TP-Link avoided various discovery requests, in context, by representing to Magistrate-Judge Levy that TP-Link would not rely on a Constitutional argument in its motion

Case 8:19-cv-00082-JLS-KES   Document 87   Filed 04/11/20   Page 4 of 5   Page ID #:1463

to dismiss for want of personal jurisdiction.  The Motion to Dismiss, however, contained a Constitutional Due Process argument which TP-Link sought to justify as "related to."   Magistrate-Judge Levy heard Careful Shopper's Motion to Strike on February 14, 2019 and agreed fully with Plaintiff that, while TP-Link counsel did not intend to mislead the court and counsel, any Constitutional argument, as far as he was concerned after conducting the Rule 37 motion proceeding and reviewing its transcript, was "off the table."  Judge Levy was about to order all unmade discovery to be forthwith made when TP-Link counsel proffered that it would withdraw its Constitutional argument rather than conduct further discovery.  Judge Levy docketed the order as on consent, but TP-Link "consent" resulted only as above described.  See S. Dec. at ¶8.

Respectfully submitted,

Dated: April 11, 2020

/s/ Mark Schlachet
Mark Schlachet (OSB 0009881)
[Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559
Fax: (216)932-5390

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Tel: (866)625-2529

ERRATA TO MOTION OF CAREFUL SHOPPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fax: (866)463-9285

*Attorneys for Defendants Careful Shopper, LLC, Adam Starke and Sora Starke*