1  LTL ATTORNEYS LLP
2  Heather F. Auyang (SBN 191776)
     heather.auyang@ltlattorneys.com
3  Joe H. Tuffaha (SBN 253723)
     joe.tuffaha@ltlattorneys.com
4  Prashanth Chennakesavan (SBN 284022)
     prashanth.chennakesavan@ltlattorneys.com
5  300 South Grand Ave., 14th Floor
   Los Angeles, CA 90071
6  Tel:  (213) 612-8900
   Fax:  (213) 612-3773
7

8  Attorneys for Plaintiff
   TP-Link USA Corporation and
9  Third-Party Defendant TP-Link North America, Inc.

10                UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA

12                      SOUTHERN DIVISION

13

| 14 | TP-LINK USA CORPORATION, | CASE NO.: 8:19-CV-00082-JLS-KES |
| 15 | Plaintiff, | |
| 16 | v. | Hon. Josephine L. Staton |
| 17 | CAREFUL SHOPPER, LLC, ADAM STARKE, SORA STARKE, and DOES 1 through 10, inclusive, | **TP-LINK'S OPPOSITION TO CAREFUL SHOPPER'S *EX PARTE* APPLICATION FOR AN ORDER** |
| 18 | | |
| 19 | Defendants. | **EXTENDING THE DEADLINE TO RESPOND TO TP-LINK'S MOTION** |
| 20 | | **FOR FEES PURSUANT TO THE** |
| 21 | CAREFUL SHOPPER, LLC, | **COURT'S MARCH 23 ORDER [ECF NO. 82]** |
| 22 | Counterclaimant-Third-Party Plaintiff, | |
| 23 | v. | |
| 24 | TP-LINK USA NORTH AMERICA INC. and AUCTION BROTHERS, INC. dba AMAZZIA, | |
| 25 | | |
| 26 | Third-Party Defendants. | |
| 27 | | |
| 28 | | |

No. 8:19-CV-00082-JLS-KES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Rather than simply responding to Plaintiff TP-Link USA Corporation and Third-Party Defendant TP-Link North America, Inc.'s (together, "TP-Link") impending fees motion, Careful Shopper has instead moved ex parte for a continuance under the guise of its meritless motion for reconsideration. "Continuances in civil cases are granted only upon a showing of good cause." Honorable Josephine L. Staton Procedures Page ¶ 17 (citing Fed. R. Civ. P. 16(b)(4)). No such good cause exists here, let alone the showing required for ex parte relief.

General Order No. 20-05, which sets forth districtwide measures taken in response to the COVID-19 pandemic, states that "[a]ll filing deadlines will remain in place unless otherwise ordered by the presiding Judge." Rather than following this guidance, Careful Shopper wastes judicial resources in order to avoid what it characterizes as "time-consuming, expensive (on both sides) litigation or, alternatively, engaging in the very litigation we seek to avoid." Responding to a fees motion is not "time-consuming, expensive" litigation.

On March 23, 2020, the Court issued an order directing TP-Link to file a motion for attorneys' fees and costs as the prevailing party under California's anti-SLAPP statute, Cal. Civ. Proc. Code ("CCP") § 425.16(c)(1). ECF No. 82 at 17 & 20. The Court set a deadline for filing the fees motion by April 20, 2020. *Id*. at 20. The Order permits Careful Shopper to file a response within 14 days thereafter. *Id*.

On March 29, 2020, Careful Shopper requested a meet and confer pursuant to L.R. 7-3 regarding Careful Shopper's intention to file a motion for reconsideration of the Court's March 23, 2020 order. On April 1, 2020, the parties held a teleconference to discuss TP-Link's motion for fees and Careful Shopper's motion for reconsideration. Declaration of Heather F. Auyang, ¶ 2. During this call, Careful Shopper did not mention continuing or staying the deadline for TP-Link's fees motion. *Id*.

On April 8, 2020, Careful Shopper filed its motion for reconsideration. ECF No. 85. Careful Shopper's reconsideration motion is based on "information" that is immaterial to the Court's ruling, and was both publicly available and in the possession of Careful Shopper's counsel *before* the Court's ruling. Careful Shopper's reconsideration motion is just a delay tactic to avoid TP-Link's fees motion.

As set forth below, Careful Shopper's application fails to meet the strict standard for ex parte relief or even the "good cause" standard for continuances in civil cases. Accordingly, Careful Shopper's ex parte application should be denied.

## II.    ARGUMENT

### A.    Ex Parte Relief is Reserved for Extraordinary Circumstances

"Ex parte applications are for extraordinary relief only." Honorable Josephine L. Staton Procedures Page ¶ 3. Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989).

To obtain ex parte relief, the moving party must show that it (1) "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *McClain v. First Mortg. Corp.*, No. SACV 15-2-JLS, 2015 WL 11199074, at *1 (C.D. Cal. Mar. 16, 2015) (quoting *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 492 (C.D. Cal. 1995)). Careful Shopper notably fails to discuss, or even mention, the legal standard it must meet to justify the extraordinary relief it seeks.

### B.    Ex Parte Relief is Unjustified and Unnecessary Here

Careful Shopper's claim of urgency is entirely manufactured, and it simply cannot meet the high standard necessary for ex parte relief. The motion that Careful Shopper seeks to avoid is a straightforward fees motion. This is not "time-consuming, expensive" litigation as Careful Shopper purports. TP-Link's position during the parties' meet and confer efforts was that Careful Shopper is simply using its meritless

TP-LINK'S OPPOSITION TO CAREFUL SHOPPER'S EX PARTE APPLICATION

1  reconsideration motion as a delay tactic to avoid TP-Link's fees motion. Auyang Decl.

2  ¶ 3, Ex. A.

3      Careful Shopper's motion for reconsideration of the Court's March 23, 2020

4  order is wholly without merit and falls well short of meeting the requirements under

5  L.R. 7-18. TP-Link's opposition to the reconsideration motion will fully address the

6  motion's deficiencies. In short, Careful Shopper's claimed "new material fact" is from

7  a declaration filed in an unrelated action prior to the Court's March 23, 2020 ruling

8  and by his own admission, in the possession of Careful Shopper's counsel since March

9  6, 2020. Not only is it not a "new" fact, but it relates to an argument that was never

10 raised by Careful Shopper in opposing TP-Link's motion to strike and/or dismiss, and,

11 regardless, would not change the Court's analysis even if it had.  Careful Shopper has

12 no realistic chance of prevailing on its motion for reconsideration.

13     Moreover, regardless of its merits—or lack thereof—there is no basis to alter the

14 Court-ordered deadlines pending resolution of the motion for reconsideration. In its

15 March 23, 2020 Order, the Court set a schedule for TP-Link's fees motion that the

16 parties are required to follow in the absence of good cause. No such good cause exists

17 here, let alone the showing required for ex parte relief.

18     In light of the above, Careful Shopper's claim of being in a "bind" and its

19 references to the "urgency of ex parte relief" should be disregarded.

20 **III.   CONCLUSION**

21     For the foregoing reasons, TP-Link respectfully requests that the Court deny

22 Careful Shopper's ex parte application.

23

24   Dated: April 15, 2020                      Respectfully submitted,

25                                              LTL ATTORNEYS LLP

26

27                                     By:  */s/ Heather F. Auyang*
                                            Heather F. Auyang
28                                          Joe H. Tuffaha
                                            Prashanth Chennakesavan

3                                              No. 8:19-CV-00082-JLS-KES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiff*
*TP-Link USA Corporation and*
*Third-Party Defendant TP-Link*
*North America, Inc.*

No. 8:19-CV-00082-JLS-KES

TP-LINK'S OPPOSITION TO CAREFUL SHOPPER'S EX PARTE APPLICATION