# EXHIBIT A

# Heather Auyang

| | |
|---|---|
| **From:** | Heather Auyang |
| **Sent:** | Tuesday, April 14, 2020 12:14 PM |
| **To:** | Mark Schlachet; Prashanth Chennakesavan |
| **Cc:** | Christopher J. Hammond |
| **Subject:** | RE: Careful Shopper v. TP-Link, Case No. 8:19-cv-00082-JLS -- TP-Link's Fees Request |

Mark,

Careful Shopper's motion for reconsideration is simply a delay tactic to avoid the fees motion that the Court directed TP-Link to file.  Your reconsideration motion falls well short of meeting the requirements under L.R. 7-18, and is based on immaterial "information" that you were in possession before the Court issued its ruling on March 23, 2020 (ECF No. 82).  The Court has set dates and deadlines for a reason, which the parties are required to follow in the absence of good cause.  No such good cause exists here.

We had in fact delayed filing the motion for fees and costs in the hopes that the parties could work out a stipulation agreeing to the amount; however, you have taken an untenable position based on the premise that $13,000 is a reasonable amount.

As we already discussed, the Court has requested briefing with respect to attorneys' fees, and has further indicated that it will, in its discretion, decide whether to hold a hearing.  If the Court wants to delay adjudication of the fees motion, or address it simultaneously, it may choose to do so.  That, however, does not justify modifying the briefing schedule.

TP-Link will oppose any *ex parte* motion.

Regards,
Heather

---

**From:** Mark Schlachet [mailto:markschlachet@me.com]
**Sent:** Tuesday, April 14, 2020 9:11 AM
**To:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>
**Cc:** Christopher J. Hammond <chammond@bizlawpro.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Subject:** Re: Careful Shopper v. TP-Link, Case No. 8:19-cv-00082-JLS -- TP-Link's Fees Request

Neglected to say that absent your consent to one of the alternatives prior to COB, we will submit our ex parte application today, at 5 PM EDT.


Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216)225-7559
(216)932-5390(f)
markschlachet@me.com

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom**

this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (216) 225-7559 or by electronic mail to markschlachet@me.com and destroy the original message without making a copy. Thank you.

On Apr 14, 2020, at 11:01 AM, Mark Schlachet <markschlachet@me.com> wrote:

Counsel,

This will memorialize our Local Rule 7-3 conference yesterday . . . specifically, our request for a stipulation staying proceedings on TP-Link's fee application per ECF 82, pending decision on our Motion for Reconsideration.  We also suggest, simply, stipulating to extend Careful Shopper's response time to 14 days after a decision of the Motion for Reconsideration.  We also would agree to seek expedited consideration of our motion.  The only thing to which we are averse is engaging in fee determination litigation that might be obviated if our motion is granted.

TP-Link declined to consent.  We ask again: will TP-Link agree to any of the above alternatives?

If not, we intend to submit an application for ex parte relief, citing as our reason the absence of any vehicle in the rules and procedures affording us the opportunity to avoid avoid time-consuming, expensive (on both sides) litigation or, alternatively, engaging in the very litigation we seek to avoid, i.e. the only known means of protecting ourselves from a default to the extent we do not fully defend while seeking a stay.

So, I ask one last time: will TP-Link work with Careful Shopper to facilitate an efficient, orderly adjudication of the issues before the court, by adopting one of the above alternative means of forestalling our need to respond to a fee application, in our view, prematurely?

Thank you,

Mark


Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216)225-7559
(216)932-5390(f)
markschlachet@me.com

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (216) 225-7559 or by electronic mail to markschlachet@me.com and destroy the original message without making a copy. Thank you.**

On Apr 13, 2020, at 12:15 PM, Mark Schlachet <markschlachet@me.com> wrote:

Prashanth,

As promised I have reviewed TP-Link's spreadsheet of time and expense entries.  As you requested we can speak today.  I have blocked off from 9 a.m. to 12 PM Pacific for our conference.  I also want to discuss, as required by Local Rule 7-3, our request for a stay of fee-related proceedings pending a decision on our Motion for Reconsideration.  We believe we have good cause and will explain our view in our call.

Thank you,

Mark


Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216)225-7559
(216)932-5390(f)
markschlachet@me.com


**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (216) 225-7559 or by electronic mail to markschlachet@me.com and destroy the original message without making a copy. Thank you.**

On Apr 8, 2020, at 5:58 PM, Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com> wrote:

Mark,

I misunderstood your message. We unfortunately will not be able to delay filing our fee application, and in any event do not believe there is good cause to seek extra time. The purpose of the meet-and-confer, and transmittal of the Excel, was to give you an opportunity to evaluate the reasonableness of fees and costs. If you have edits to time that you would otherwise raise in an opposition, we can consider those now in the interest of saving the court from having to engage in a time-intensive review. To that end, if your proposed edits are reasonable, we may be willing to stipulate to them.

Hope that clarifies things.

Thank you,
Prashanth

---

**From:** Mark Schlachet <markschlachet@me.com>
**Sent:** Wednesday, April 8, 2020 5:50 PM
**To:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>
**Cc:** Christopher J. Hammond <chammond@bizlawpro.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Subject:** Re: Careful Shopper v. TP-Link, Case No. 8:19-cv-00082-JLS -- TP-Link's Fees Request

I thought you were suggesting pushing the application deadline out beyond adjudication of the motion for

reconsideration.  That is what I think is the correct approach to take?


Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216)225-7559
(216)932-5390(f)
markschlachet@me.com


**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (216) 225-7559 or by electronic mail to markschlachet@me.com and destroy the original message without making a copy. Thank you.**

> On Apr 8, 2020, at 5:46 PM, Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com> wrote:
>
> Hi Mark,
>
> First, Happy Passover.
>
> It would be ideal if you could look at it on Monday-Tuesday next week.  We want to have enough time to put our motion together for filing by April 20 if we end up not stipulating on the appropriate calculation.

Thank you,
Prashanth

---

**From:** Mark Schlachet <markschlachet@me.com>
**Sent:** Wednesday, April 8, 2020 5:41 PM
**To:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>
**Cc:** Christopher J. Hammond <chammond@bizlawpro.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Subject:** Re: Careful Shopper v. TP-Link, Case No. 8:19-cv-00082-JLS -- TP-Link's Fees Request

Prashanth,

Thanks for the spreadsheet. I will be out for a few days for Passover.

I certainly agree that the Judge should be spared the fee exercise for the time being. Let's put a stip together after Passover, which ends in 8 days. If necessary I can deal with it on Monday-Tuesday next week, which are in-between days of leniency.

Regards,

Mark


Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216)225-7559
(216)932-5390(f)
markschlachet@me.com


**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (216) 225-7559 or by electronic mail to markschlachet@me.com and destroy the original message without making a copy. Thank you.**

On Apr 8, 2020, at 5:21 PM, Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com> wrote:

Mark,

We need to address the amount of fees under the anti-SLAPP statute. We understand that TP-Link's *entitlement* to fees and costs is at-issue in light of Careful Shopper's motion for reconsideration. However, what we are required to file with the court by April 20 is a motion with respect to the *calculation* of fees. Of course, if you prevail on your motion for reconsideration, that may moot the fee request. Given the dynamics, we suggest avoiding burdening the court with a time-intensive, contested fee request (when she also has to rule on reconsideration).

After carefully reviewing our bills, and eliminating any time related to the antitrust cause of action, we have reduced our request to $130,365 as reflected in the attached Excel. If you have reasonable edits to propose, we are happy to look at them in the interest of reaching agreement on the appropriate calculation of fees and costs. If we can reach agreement, we will not seek reimbursement for our

7

time spent preparing the April 20 submission.

Thank you,
Prashanth

<2020-04-08_TP-Link Fees Spreadsheet_circulation.xlsx>