LTL ATTORNEYS LLP
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Plaintiff
TP-Link USA Corporation and
Third-Party Defendant TP-Link North America, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TP-LINK USA CORPORATION,<br><br>         Plaintiff,<br><br>    v.<br><br>CAREFUL SHOPPER, LLC, ADAM STARKE, SORA STARKE, and DOES 1 through 10, inclusive,<br><br>         Defendants.<br><br>CAREFUL SHOPPER, LLC,<br><br>         Counterclaimant-<br>         Third-Party Plaintiff,<br><br>    v.<br><br>TP-LINK USA NORTH AMERICA INC. and AUCTION BROTHERS, INC. dba AMAZZIA,<br><br>         Third-Party Defendants. | CASE NO.: 8:19-CV-00082-JLS-KES<br><br>Hon. Josephine L. Staton<br><br>**TP-LINK'S NOTICE OF MOTION AND MOTION TO FIX ATTORNEYS' FEES AND COSTS IN CONNECTION WITH MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Declaration of Heather F. Auyang*]<br><br>Hearing Date: None [*see* ECF No. 82 at 20] |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to the Court's March 23, 2020 order (ECF No. 82 at 19-20), Plaintiff TP-Link USA Corporation and Third-Party Defendant TP-Link North America, Inc. (together, "TP-Link") move the Court for an ordering fixing attorneys' fees and costs, including fees incurred in connection with this motion and in opposing Careful Shopper's *ex parte* application for a continuance of this fees motion. The total fees sought is $122,849.50, plus $227.95 in costs.

This motion is made pursuant to Cal. Civ. Proc. Code § 425.16(c)(1) on the grounds that the Court determined TP-Link prevailed on its Motion to Strike (ECF No. 62) because TP-Link's right to petition was protected under California's anti-SLAPP statute, and Careful Shopper failed to show a probability of succeeding on its two state law counterclaims (ECF No. 83 at 10-16).

This motion is based on the following: this notice of motion and motion, the memorandum of point and authorities filed herewith, the concurrently filed Declaration of Heather F. Auyang and exhibits attached thereto, and all other pleadings, papers, documents or exhibits on file or to be filed in this action, the argument to be made at any hearing on the motion, and upon such further evidence or argument as the Court may consider.

## Compliance with Local Rule 7-3

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place initially on April 1, 2020 and continued to April 13, 2020.

Dated: April 20, 2020                    Respectfully submitted,

                                                 LTL ATTORNEYS LLP

                                                 By:  */s/ Heather F. Auyang*
                                                         Heather F. Auyang
                                                         Joe H. Tuffaha
                                                         Prashanth Chennakesavan
                                                         Omar H. Tuffaha [admitted *pro hac vice*]

*Attorneys for Plaintiff
TP-Link USA Corporation and
Third-Party Defendant TP-Link
North America, Inc.*

# **TABLE OF CONTENTS**

Memorandum of Points and Authorities .................................................................... 1

I.   Introduction ...................................................................................................... 1

II.  Statement of Facts and Procedural Background ............................................. 2

    A.  Careful Shopper's State Law Counterclaims ......................................... 2

    B.  The Parties' L.R. 7-3 Meet and Confer Efforts Concerning Careful Shopper's State Law Counterclaims and Careful Shopper's Opposition to Any Stay of Discovery ................................................................... 3

    C.  Careful Shopper's Relentless Pursuit of Discovery in Connection with Its Now Stricken State Law Counterclaims ...................................... 4

    D.  Careful Shopper's Asserted Claim for *Per Se* Violation of the Sherman Act, Parties' Motion Practice, and Court Order Striking Careful Shopper's State Law Counterclaims ............................................. 5

    E.  Careful Shopper's Multiple Post-Order Filings ..................................... 6

III. TP-Link is Entitled to Recover Its Reasonable Attorneys' Fees and Costs Since November 12, 2019, When Careful Shopper First Filed Its Baseless Counterclaims ................................................................................................... 7

    A.  Legal Standard for Calculation of Attorneys' Fees Under CCP § 425.16(c)(1) ....................................................................................... 7

    B.  TP-Link Should be Awarded Its Attorneys' Fees and Costs from November 12, 2019 Through the Filing of This Motion ....................... 9

        1.  The Time for Which Fees are Requested Was Necessarily and Reasonably Spent to Extract TP-Link from Careful Shopper's Baseless State Law Counterclaims. ................................................. 9

        2.  The Rates are Less Than Those Charged by Attorneys with Comparable Experience and Knowledge ............................... 11

        3.  TP-Link is Entitled to Recover Out-of-Pocket Expenses Incurred after November 12, 2019. ........................................................... 12

IV. Conclusion ..................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Christian Research Inst. v. Alnor*,
165 Cal. App. 4th 1315 (2008) ..................................................................................9

*Church of Scientology of Cal. v. Wollersheim*,
42 Cal. App. 4th 628 (1996) ....................................................................................11

*City of Oakland v. Oakland Raiders,*
203 Cal. App. 3d 78 (1988) .....................................................................................11

*ComputerXpress, Inc. v. Jackson*,
93 Cal. App. 4th 993 (2001) .....................................................................................9

*Fitbit, Inc. v. Laguna 2, LLC*,
2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ...............................................................5

*Graham-Sult v. Clainos*,
756 F.3d 724 (9th Cir. 2014) ....................................................................................8

*Grant & Eisenhofer, P.A. v. Brown*,
2018 WL 4945303 (C.D. Cal. May 14, 2018) ........................................................11

*Kearney v. Foley & Lardner*,
553 F. Supp. 2d 1178 (S.D. Cal. 2008) ....................................................................8

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001) ............................................................................................8

*Mangold v. Cal. Pub. Utilities Comm'n*,
67 F.3d 1470 (9th Cir. 1995) ....................................................................................8

*Mike Ferry Org., Inc. v. De Grote*,
No. SACV 13-835 JLS (C.D. Cal. Jan. 14, 2014) (Staton, J.) ................................11

*Orian v. Fed'n In'l des Droits de L'Homme*,
2012 WL 994643 (C.D. Cal. Mar. 22, 2012)..........................................................11

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*,
163 Cal.App.4th 550 (2008) .....................................................................................8

*San Bernardino Valley Audubon Soc'y v.Cty of San Bernardino*,
155 Cal. App. 3d 738 (1984) ..................................................................................11

*Serrano v. Unruh*,
32 Cal. 3d 621 (1982) ............................................................................................... 9, 11

*Sparrow LLC v. Lora*,
2014 WL 12573525 (C.D. Cal. Dec. 4, 2014) ............................................................... 5

*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*,
141 Cal.App.4th 15 (2006) ............................................................................................ 8

*Wynn v. Chanos*,
2015 WL 3832561 (N.D. Cal. June 19, 2015) .............................................................. 8

**Statutes**

Cal. Civ. Proc. Code § 425.16(c) ............................................................................. 1, 7, 8

Cal. Civ. Proc. Code § 425.16(g) .................................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 23, 2020, the Court issued an order directing TP-Link to file a motion for attorneys' fees and costs as the prevailing party under California's anti-SLAPP statute, Cal. Civ. Proc. Code ("CCP") § 425.16(c)(1). ECF No. 82 at 17 & 20. The Court determined that Careful Shopper's state law counterclaims (for interference with existing and prospective business relationships and trade libel) against TP-Link concerned activity protected under California's anti-SLAPP statute and that Careful Shopper failed to show a probability of succeeding on these claims. ECF No. 82. Accordingly, the Court ordered Careful Shopper's state law counterclaims stricken. ECF No. 82.

Careful Shopper forced extensive litigation of its state law counterclaims. They were the sole counterclaims Careful Shopper initially asserted—on November 12, 2019. As early as December 19, 2019, TP-Link sent Careful Shopper a thoroughly-researched letter explaining in detail why the counterclaims failed as a matter of law and were foreclosed by the anti-SLAPP statute. In response, Careful Shopper feigned ignorance about Local Rule 7-3's requirements, delayed a conference of counsel, and refused to attempt to address the counterclaims until the day TP-Link's motion to strike and/or dismiss was due. Even then, Careful Shopper merely amended its counterclaims to include superficial edits, assert an alternative cause of action, and raise a Sherman Act claim to sidestep the anti-SLAPP statute. TP-Link had to—once again—engage in meet-and-confer efforts and prepare yet another motion to strike and/or dismiss. Again, Careful Shopper refused to withdraw its counterclaims.

Simultaneously with its initial counterclaims, Careful Shopper served extensive discovery requests, almost all of which were germane only to its state law counterclaims. Careful Shopper then sent meet-and-confer letters that were tens of pages long, called for extensive, hours-long meet-and-confer sessions, and forced document productions. Careful Shopper only agreed to stay discovery in January—

after TP-Link filed its motion to strike and/or dismiss the amended counterclaims, and only because TP-Link moved to dismiss the Sherman Act claim.

TP-Link has carefully evaluated its bills, and *does not* seek reimbursement of any fees or costs associated with its affirmative trademark claim, or the Sherman Act counterclaim. In response to meet-and-confer correspondence, TP-Link further reduced its fee request by nearly 15% to ensure that its request is strictly limited to fees and costs it has incurred litigating Careful Shopper's state law counterclaims. As this Court has already held, the anti-SLAPP statute requires that a prevailing movant be awarded fees and costs incurred in connection with stricken claims.

The Court's docket in this action highlights the extensive scope of litigation. At every turn, Careful Shopper's strategy has been to pursue baseless claims, raise dubious arguments, and force motion practice.[1] Just since the Court's March 23 order, Careful Shopper has: (i) filed a second amended counterclaim that re-raised stricken causes of action; (ii) filed a "correction" to remove those claims (after a meet-and-confer); (iii) re-asserted its Sherman Act counterclaim; (iv) filed a motion for reconsideration of the March 23 order; (v) withdrawn its Sherman Act counterclaim (after yet another meet-and-confer); and (vi) filed an *ex parte* motion to alter the briefing schedule without good cause.

The fees and costs TP-Link seeks are appropriate and should be awarded in full.

## II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A.   Careful Shopper's State Law Counterclaims

TP-Link initiated this suit alleging that Careful Shopper, Adam Starke, and

---

[1] Careful Shopper's counsel, Mark Schlachet, has also partnered with Careful Shopper's owner, Adam Starke, in numerous other cases, including six putative class actions. *See* Declaration of Heather F. Auyang ("Auyang Decl.") ¶ 3, Ex. 1 (chart of Starke's class action litigations). Throughout this litigation, Careful Shopper and its counsel have shown they have little incentive to preserve litigation resources.

Sora Starke (collectively, "Defendants") have been marketing and selling products bearing infringing TP-LINK® Marks, including on the Amazon marketplace. Complaint ("Compl."), ECF No. 1. On November 12, 2019, Careful Shopper filed its state law counterclaims (ECF No. 36 ("CC"), ¶¶ 140-156), which were subsequently stricken by the Court under California's anti-SLAPP statute (ECF No. 82). The parties stipulated to a deadline of January 3, 2020 for TP-Link to respond to the CC, which the Court granted. ECF No. 48.

### B. The Parties' L.R. 7-3 Meet and Confer Efforts Concerning Careful Shopper's State Law Counterclaims and Careful Shopper's Opposition to Any Stay of Discovery

Just days after Careful Shopper served its CC, on November 15 and 18, 2019, respectively, Careful Shopper served its first and second sets of requests for production, totaling 63 requests. Auyang Decl., ¶ 4, Ex. 2 (Careful Shopper discovery requests). On December 18, TP-Link served written responses to Careful Shopper's first set of document requests. *Id*. ¶ 4. Two days later, TP-Link served written responses to Careful Shopper's second set of document requests and produced documents. *Id*.

In preparation for TP-Link's January 3, 2020 deadline to respond to the CC, on December 19, 2020, TP-Link sent Careful Shopper a detailed, six-page, single-spaced meet and confer letter under L.R. 7-3 explaining why Careful Shopper's counterclaims were prohibited by California's anti-SLAPP statute. *Id*. ¶ 5, Ex. 3 (TP-Link's December 19, 2020 letter to Careful Shopper). TP-Link's letter provided extensive law concerning the applicability of the anti-SLAPP statute to Careful Shopper's CC, including the very authorities that underpin the Court's March 23 order: (1) *Sparrow LLC v. Lora*, No. CV-14-1188-MWF, 2014 WL 12573525 (C.D. Cal. Dec. 4, 2014), which the Court found "instructive;" and (2) *Fitbit, Inc. v. Laguna 2, LLC*, No. 17-cv-00079-EMC, 2018 WL 306724 (N.D. Cal. Jan. 5, 2018), which the Court determined was "squarely on point." ECF No. 82 at 10-12. TP-Link also

informed Careful Shopper that it intended to seek fees and costs in connection with its anti-SLAPP motion. Auyang Decl., ¶ 5, Ex. 3.

That same day, Careful Shopper's counsel responded that he was not prepared to meet and confer because "to be truthful, [he] knows little about 'protected activity' and nothing about the anti-SLAPP statute." *Id*. ¶ 6, Ex. 4 (12/19/2019 @ 5:52 PM email from Careful Shopper counsel to TP-Link counsel). Careful Shopper's counsel asked for more time to "learn about protected activity and the anti-SLAPP statute" because "[a]t the moment [he was] very busy with a number of matters, including attending to TP-Link's discovery responses in the captioned [case]." *Id*.

Later that day, Careful Shopper's counsel contended that the automatic stay of discovery provision under CCP § 425.16(g) does not apply because "TP-Link seeks to buy a respite from discovery propounded by Careful Shopper through a purported motion to preserve protected speech." *Id*. ¶ 7, Ex. 5 (12/19/2019 @ 11:53 PM email from Careful Shopper counsel to TP-Link counsel). Careful Shopper planned to oppose any discovery stay: "Needless to say, should TP-Link file the proposed motion, we will oppose any stay in discovery. My reading is that no other stay applies or is possible." *Id*.

The parties eventually agreed to meet and confer on December 27, 2020. In the meantime, the parties continued to exchange comprehensive emails about the applicability of California's anti-SLAPP statute. *See, e.g.*, Auyang Decl., ¶ 8, Ex. 6 (extensive email thread between the parties). Careful Shopper's counsel threatened TP-Link that it would seek attorneys' fees if TP-Link filed an anti-SLAPP motion. *Id*. ¶ 7, Ex. 5 (12/20/2019 @ 4:49 AM email from Careful Shopper counsel to TP-Link counsel stating: "Please add to our M&C agenda our motion for attorney fees under SLAPP based on TP-Link's frivolousness and improper motive in filing the strike motion.").

### C. Careful Shopper's Relentless Pursuit of Discovery in Connection with Its Now Stricken State Law Counterclaims

One day after Careful Shopper received TP-Link's L.R. 7-3 letter explaining the applicability of California's anti-SLAPP statute, Careful Shopper served a 40-page discovery meet and confer letter under L.R. 37-1. Auyang Decl., ¶ 9, Ex. 7 (Careful Shopper letter). Later that same day, recognizing the anti-SLAPP statute's unquestionable application to the state law claims, Careful Shopper conveyed that it contemplated filing an antitrust counterclaim. *Id*. ¶ 7, Ex. 5 (12/20/2019 @ 4:49 AM email from Careful Shopper counsel to TP-Link counsel stating: "we may seek to amend with a Sherman Act claim, to which SLAPP may not apply) [*sic*] in any event").

Four days later, Careful Shopper served a 25-page discovery meet and confer letter under L.R. 37-1. *Id*. ¶ 10, Ex. 8 (Careful Shopper letter). Careful Shopper demanded extensive conferences by email and phone. Notably, its lead counsel took positions so far outside what is considered appropriate that Careful Shopper's local counsel at the time, James Shah, prematurely ended a call and resigned from this case. *Id*. ¶ 11, Ex. 9 (12/31/2019 @ 7:22 AM email from Mr. Shah to TP-Link counsel) ("To be clear, I did not terminate the call yesterday because I felt, in any way, bullied [by TP-Link's counsel]. It is my understanding that Mark [Careful Shopper's lead counsel] will be substituting in new local counsel in the next few days."); ECF Nos. 59-61.

### D. Careful Shopper's Asserted Claim for *Per Se* Violation of the Sherman Act, Parties' Motion Practice, and Court Order Striking Careful Shopper's State Law Counterclaims

On January 3, 2020, the same day TP-Link's response to the CC was due, Careful Shopper filed *amended* counterclaims and a third-party complaint adding a claim for *per se* antitrust violation of § 1 of the Sherman Act. ECF No. 54 ("ACC"). Given the addition of the antitrust claim, during the parties' January 9, 2020 meet and confer, TP-Link requested that Careful Shopper agree to stay discovery until after the Court ruled on TP-Link's motion to strike and/or dismiss. Auyang Decl. ¶ 12. Careful

Shopper refused, and instead on January 15, served papers moving to compel discovery responses under L.R. 37-2. *Id*. ¶ 13, Ex. 10.

On January 17, 2020, TP-Link filed a motion to strike and/or dismiss the ACC pursuant to California's anti-SLAPP statute and Rule 12(b)(6). ECF No. 62. After TP-Link informed Careful Shopper that it had a draft motion to stay discovery ready for filing, Careful Shopper changed course and agreed to stipulate to a discovery stay only because both anti-SLAPP and an antitrust claim were at issue. *Id*. ¶ 14, Ex. 11 [1/22/2020 @ 7:16 AM email from Careful Shopper counsel to TP-Link counsel stating: "Mind you, I am very disappointed; but having **both** SLAPP and Sherman Act in the case points toward a stay under CDCA case law. It is what it is."] (emphasis added). On January 27, 2020, the parties filed a joint stipulation agreeing to stay discovery, which the Court granted. ECF. No. 68.

On January 30, 2020, Careful Shopper filed its 28-page opposition to TP-Link's motion to strike and/or dismiss, which relied on documents produced by TP-Link during discovery. ECF Nos. 70 and 70-1, Exs. 13 & 14. Careful Shopper then sought TP-Link's consent to file additional "authority" in support of its already filed opposition, which the parties stipulated (ECF No. 72) and was granted by the Court (ECF No. 75). On February 21, 2020, TP-Link filed its 25-page reply in support of its anti-SLAPP motion. ECF No. 78.

On March 23, 2020, the Court issued an order granting TP-Link's motion in its entirety—striking Careful Shopper's state law counterclaims and granting TP-Link leave to bring the instant motion for attorneys' fees and costs to which it is entitled. ECF No. 82. The Court also ruled that Careful Shopper failed as a matter of law to state an antitrust claim, but permitted leave to amend subject to very specific parameters and "consistent with all Rule 11 obligations." ECF No. 82 at 17-20.

### E.     Careful Shopper's Multiple Post-Order Filings

On March 26, 2020, Careful Shopper filed its *second* amended counterclaims and third-party complaint, which inexplicably continued to assert the *same* state law

counterclaims stricken by the Court. ECF No. 83, ¶¶ 133-147. TP-Link informed Careful Shopper that this was improper. Careful Shopper initially refused to remove the stricken claims, but later changed strategy and filed a "corrected" second amended "counterclaim III" that only contains a single counterclaim for *per se* violation of §1 of the Sherman Act. ECF No. 84 ("SACC"), ¶¶ 142-184. On April 1, 2020, TP-Link met and conferred with Careful Shopper to discuss the SACC, which failed to remedy the deficiencies identified by the Court's order (*see* ECF No. 82 at 19), and would force TP-Link to file a motion to dismiss and seek sanctions under Rule 11. Careful Shopper initially refused to withdraw its SACC, but then once again changed course and agreed to a dismissal, which it filed on April 8, 2020. ECF No. 86.

Careful Shopper persists in pursuing its baseless state law counterclaims and filed a motion for reconsideration of the March 23 order consisting of an errata and two sets of briefing. ECF Nos. 85, 87 & 88. A hearing for this motion is scheduled for June 26, 2020. On April 14, 2020, Careful Shopper filed an *ex parte* application to forestall the filing of this motion and/or extend the time for Careful Shopper to respond (ECF No. 89), which TP-Link opposed (ECF No. 90). On April 16, the Court denied Careful Shopper's *ex parte* application for lack of good cause. ECF No. 91.

### III. TP-LINK IS ENTITLED TO RECOVER ITS REASONABLE ATTORNEYS' FEES AND COSTS SINCE NOVEMBER 12, 2019, WHEN CAREFUL SHOPPER FIRST FILED ITS BASELESS COUNTERCLAIMS

#### A. Legal Standard for Calculation of Attorneys' Fees Under CCP § 425.16(c)(1)

The Court granted TP-Link's request to recover attorneys' fees and costs as the prevailing party on a special motion to strike under CCP § 425.16(c)(1). ECF No. 82 at 17. The fee-shifting provision of the anti-SLAPP statute is "intended to compensate a [party] for the expense of responding to a SLAPP suit. Accordingly, the

provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing [party] for expenses incurred in extracting herself from a baseless lawsuit." *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi,* 141 Cal.App.4th 15, 22 (2006) (citation omitted) (internal quotation marks omitted). "[E]ach fee application under [the anti-SLAPP statute] must be assessed on its own merits . . . taking into account what is reasonable under the circumstances." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal.App.4th 550, 561 (2008) (citation omitted).

The Ninth Circuit's decision in *Graham-Sult v. Clainos*, 756 F.3d 724, 751-53 (9th Cir. 2014) illustrates the broad scope of fees awarded under CCP § 425.16(c)(1). In *Graham-Sult*, the court affirmed an award of attorneys' fees for hours expended that were not exclusively in pursuit of the anti-SLAPP motion, including lawyer hours "spent on the motion to dismiss, reply, other filings, document review, and preparing initial disclosures." *Id.*; *see also Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *4 (N.D. Cal. June 19, 2015) ("[I]t is clear that [the defendant's] motions to dismiss were intertwined with his anti-SLAPP motions . . . . [The defendant] is entitled to fees for all motions filed in this case, given their close relation to the anti-SLAPP motion."), *aff'd*, 685 F. App'x 578 (9th Cir. 2017); *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1183-84 (S.D. Cal. 2008) (awarding fees both for an anti-SLAPP motion directed at state law claims and for a motion to dismiss directed at federal claims, where factual and legal bases of motions were "inextricably intertwined").

State law determines the method for calculating fees when a state statute authorizes an award of attorneys' fees. *See Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Existing Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees."). California applies the "lodestar" method in determining the fees to be awarded to a party prevailing on an anti-SLAPP motion. *See Ketchum v.*

*Moses*, 24 Cal. 4th 1122, 1136 (2001). The lodestar analysis begins by calculating "a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." *Id.* at 1133 (citing *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982) (emphasis in original)).

Once the lodestar figure has been determined, it may be "adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132.

The party seeking fees bears the burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008) (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001)).

  **B. TP-Link Should Be Awarded Its Attorneys' Fees and Costs from November 12, 2019 Through the Filing of This Motion**

    **1. The Time for Which Fees are Requested Was Necessarily and Reasonably Spent to Extract TP-Link from Careful Shopper's Baseless State Law Counterclaims.**

TP-Link seeks attorneys' fees and costs incurred in responding and extracting itself from counterclaims filed on November 12, 2019, which the Court determined were baseless under California's anti-SLAPP statute. ECF No. 82. Accordingly, TP-Link seeks attorneys' fees and costs other than those exclusively incurred in filing and responding to the anti-SLAPP motion, including but are not limited to, responding to Careful Shopper's discovery requests, extensive meet and confers, Careful Shopper's motion to compel discovery, document production, TP-Link's motion to stay that it was forced to draft before Careful Shopper agreed to a discovery stay, and Careful Shopper's *ex parte* application to delay this motion.

The time records filed herewith detail precisely how the time was spent by counsel. *See* Auyang Decl., ¶ 15, Ex. 12. The total number of hours is 313.2. Counsel's handing of this case was competent and efficient, and generally included a team of 3 attorneys, each with years of litigation experience. *Id*. ¶ 15. The firm took advantage of its attorneys' differing levels of experience and expertise to reduce the fees incurred whenever possible. *Id*. The background of each counsel involved in the case and their hourly rate are detailed in the Auyang Declaration at ¶ 22.

Specifically *excluded* from this fees request are hours related to Careful Shopper's antitrust claim and TP-Link's affirmative trademark case. TP-Link is also willing to forgo fees in opposing Careful Shopper's motion for reconsideration (ECF No. 88). Moreover, in the process of meeting and conferring for this motion, TP-Link sent a spreadsheet to Careful Shopper's counsel detailing the fees and costs through February 24, 2020, totaling 343.5 hours. Auyang Decl., ¶ 17. Subsequently, in order to avoid dispute and burden on the Court, TP-Link reviewed the spreadsheet again and reduced the hours sought to 293.5 hours. *Id*. With the addition of hours for this motion and to oppose Careful Shopper's *ex parte* application, the total is 313.2 hours. *Id*.

A comparison of TP-Link's hours with those spent by Careful Shopper's counsel is illustrative. In connection with its motion for reconsideration, Careful Shopper explained that between March 9 and 22, 2020, its counsel was preparing a 10-page supplemental brief in another action pending in this district. Careful Shopper's counsel represented that he "recorded **54 hours** on the Noerr-Pennington issue between March 9-22, 2020, **and probably spent considerably more time than that during the period**." ECF No. 88 at 6:20-24 (emphasis added).[2]

---

[2] In 2012, Careful Shopper's counsel's rate cited in his fees motion in another case was $650 per hour. Auyang Decl. at ¶ 24. Thus, at a minimum, Careful Shopper's counsel incurred $35,100 in fees for a 10-page supplemental brief.

## 2. The Rates Are Less Than Those Charged by Attorneys with Comparable Experience and Knowledge.

After calculating the time reasonably spent, the Court must then multiply each attorney's hours by a reasonable hourly rate of compensation. The "reasonable market value" of the attorneys' services are determined by reference to the "prevailing billing rates of comparable private attorneys." *Serrano*, 32 Cal. 3d at 640, 643 & n.31; *see also San Bernardino Valley Audubon Soc'y v. Cty of San Bernardino*, 155 Cal. App. 3d 738, 755 (1984) (attorneys who charged below-market rates to environmental group were entitled to full market rates in fee award). Counsel's rates are reasonable if they are within the range of rates charged by private attorneys of similar skill, reputation, and experience for comparable litigation. *See, e.g.*, *Church of Scientology of Cal. v. Wollersheim*, 42 Cal. App. 4th 628, 659 (1996) (disapproved on other grounds); *City of Oakland v. Oakland Raiders*, 203 Cal. App. 3d 78, 82 (1988) (counsel entitled to rates of other firms in the area).

Because TP-Link is a long-standing client of undersigned counsel, it enjoys special rates that are substantially below prevailing market rates for lawyers of similar skill and experience (and below those LTL charges other clients)—just $275 to $475 per hour. Auyang Decl., ¶ 21, Ex. 13.

As a comparison, in 2014, this Court determined that rates of $390 to $595 per hour were reasonable in relation to anti-SLAPP. *See* Order Granting Counter-Defs.' Mot. for Att'ys Fees, 7-8, *Mike Ferry Org., Inc. v. De Grote*, No. SACV 13-835 JLS (C.D. Cal. Jan. 14, 2014) (Staton, J.). Similarly, in *Orian v. Fed'n In'l des Droits de L'Homme*, the court found billing rates ranging from $395 to $900 per hour to be reasonable for work related to an anti-SLAPP motion involving two law firms and awarded $77,913.23 in fees and costs. No. 11-cv-6904 PSG, 2012 WL 994643, at *2-3 (C.D. Cal. Mar. 22, 2012).

The court's determination of reasonable fees to a prevailing party under the anti-SLAPP statute in *Grant & Eisenhofer, P.A. v. Brown* is likewise instructive. No.

17-cv-5968-PSG, 2018 WL 4945303 (C.D. Cal. May 14, 2018). The court found billing rates ranging from $500 per hour for associates to $600 per hour for a partner to be reasonable for work related to an anti-SLAPP motion for attorneys practicing in Los Angeles. *Id*. at *2. The court cited examples of comparable rates in support, and the *2016 Real Rate Report* "as a useful guidepost to assess the reasonableness of these hourly rates in the Central District." *Id*. In awarding fees, the court found that "the total fee amount claimed by all Defendants is comparable to or even lower than the fees awarded in analogous anti-SLAPP cases" and cited for support fees awards in other cases in the six figures, including awards of $104,293.75, $147,176.48, $165,000.00 and $195,838.50. *Id*. at *4.

Here, the hours and rates that TP-Link seeks are more than reasonable and the requested lodestar should be fully awarded.

### 3. TP-Link is Entitled to Recover Out-of-Pocket Expenses Incurred after November 12, 2019.

The Court also granted TP-Link's request for leave to recover its costs. ECF No. 82 at 17. All of the documented expenses were necessarily incurred in connection with this litigation, including copying costs, postage, and messenger costs for filed documents. Auyang Decl., ¶ 19, Ex. 12. The requested costs total $227.95 and are reasonable in amount, were necessary for TP-Link to incur, and should be awarded in full.

## IV. CONCLUSION

For the foregoing reasons, TP-Link respectfully requests that the Court grant this motion in full and award TP-Link its requested attorneys' fees and costs.

Dated: April 20, 2020

Respectfully submitted,

LTL ATTORNEYS LLP

By: */s/ Heather F. Auyang*
Heather F. Auyang

Joe H. Tuffaha
Prashanth Chennakesavan
Omar H. Tuffaha [appearance *pro hac vice*]

*Attorneys for Plaintiff TP-Link USA Corporation and Third-Party Defendant TP-Link North America, Inc.*