_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00082-JLS-KES                                              Date: June 30, 2020
Title: TP Link USA Corporation v. Careful Shopper LLC et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                                                 N/A
   Deputy Clerk                                                                   Court Reporter

  Attorneys Present for Plaintiff:                           Attorneys Present for Defendant:

     Not Present                                                                   Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR RECONSIDERATION (Doc. 88)**

     Before the Court is a Motion for Reconsideration filed by Defendant and Counterclaimant Careful Shopper, LLC.  (Mot., Doc. 88.)  Plaintiff and Counter-defendant TP-Link USA Corporation opposed, and Careful Shopper Replied.  (Opp., Doc. 96; Reply, Doc. 97.)  Having taken the matter under submission and considered all relevant papers, for the following reasons, Careful Shopper's Motion is DENIED.

**I.     BACKGROUND**

     The facts of this case are well-known to the parties and were set forth, in detail, by the Court in a prior Order.  (Dismissal Order at 2-5, Doc. 82.)  Nevertheless, the Court will briefly repeat the most salient facts.  TP Link manufacturers and sells computer networking equipment and other computer accessories.  (Compl. ¶¶ 1, 10, Doc. 1.)  In connection with that business, TP Link is the exclusive licensee of several "TP-LINK" trademarks.  (*Id*. ¶¶ 2, 18.)  Careful Shopper was a "third-party seller on Amazon, [meaning] that it was a downstream purchaser that often listed and sold goods bearing the trademarks and other intellectual properties of manufacturers and other holders of intellectual property rights."  (Amended Counterclaims ¶ 82, Doc. 54.)  The crux of TP Link's Complaint in this matter is that in 2016, Careful Shopper began marketing and

_____

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

selling "networking products bearing [] infringing TP-LINK® Marks,"[1] in part on the Amazon marketplace.  (Compl. ¶ 27.)  Careful Shopper explains that it purchased, from several authorized resellers of TP link devices, authentic "TP-Link® branded products during December 2016-March 2018 and sold them on its storefront at amazon.com." (Amended Counterclaims ¶ 112-13.)  However, Careful Shopper alleges that, in March and April of 2018, TP Link falsely and maliciously reported Careful Shopper's listings of the TP Link products as offering for sale counterfeit goods.  (*Id*. ¶¶ 85, 133.)  In submitting the counterfeiting complaints against Careful Shopper, TP Link was aided by a company it retained, Third-Party Defendant Auction Brothers, Inc. dba Amazzia ("Amazzia"), a corporation "engaged in the business of 'Amazon brand protection,' … to monitor specific TP Link products on the Amazon marketplace and do a 'third-party seller clean up' of those selling TP-Link products outside TP-Link's authorized distribution channels."  (*Id*. ¶¶ 86, 87.)

The counterfeiting complaints against Careful Shopper ultimately led to Amazon permanently removing the business from its online marketplace.  (*Id*. ¶¶ 117-25.)  Careful Shopper contends that because TP Link and Amazzia were unable to instigate the removal of Careful Shopper from Amazon by reporting Careful Shopper listings of TP Link products as "unauthorized" or "discounted," they resorted to the submission of "fraudulent IP complaints" for supposedly counterfeit products.  (*Id*. ¶ 93.)

In its Complaint, TP Link asserts claims primarily sounding in trademark infringement and unfair competition. (Compl. ¶¶ 41-74.)  Defendants[2] brought counterclaims, arising out of the Amazon complaints, for: (1) interference with existing and prospective business relationships: (2) trade libel; and (3) "Per se Violation of the Antitrust Laws."  (Amended Counterclaims ¶¶ 134-164.)  On March 23, 2020, the Court granted TP Link's Motion to Strike or Dismiss each of Defendants' counterclaims.

___

[1] The Complaint asserts that "Unauthorized sales of [TP-Link manufactured] products bearing the TP-LINK® Marks do not convey the manufacturer's original warranty and as such are materially different than genuine TP-Link products." (Compl. ¶ 28.)

[2] The Defendants and Counterclaimants are: (1) Careful Shopper, LLC; (2) Adam Starke, Careful Shopper's owner and managing member; and, (3) Sora Starke, another member of Careful Shopper.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

(Dismissal Order.)  The Court struck Defendants' first two counterclaims under California's anti-SLAPP statute, California Civil Procedure Code Section 425.16, finding that (1) TP Link made a prima facie showing that the claims arose from protected acts taken by TP Link in furtherance of its right to petition, the submission of the complaints to Amazon, and (2) Defendants failed to show a likelihood of success on the merits of the claims because those challenged communications fell within the coverage of California's litigation privilege, codified in California Civil Code Section 47(b).  (*Id*. at 10-16.)

Careful Shopper now seeks reconsideration of that ruling.  It states that following the issuance of the Court's prior Order it became aware of a deposition transcript, filed in a different lawsuit, in which one of Amazzia's three owners, William Fikhman, stated that certain language may have been used by Amazzia when submitted counterfeiting complaints to Amazon on behalf of another company, Youngblood Skin Care Products. (Mot. at 1-3.)  "Careful Shopper has adopted a working hypothesis" that the complaints submitted to Amazon concerning Careful Shopper's listings of TP Link products are "identical or similar" to those involving Youngblood.  (*Id*. at 2.)  The complaint language involving Youngblood is as follows:

> Hello,
>
> We have researched Youngblood's listings and found the following ASINs are in violation of our trademark, 3812755.
>
> - Counterfeit products are being sold on the following listings
> - Please immediate action [sic] and remove these sellers currently listing counterfeit product.
>
> According to Amazon's robust and aggressive anti-counterfeit policy, sellers must list items that match the detail pages exactly. The indicated sellers are not selling the authentic products as shown in the ASIN(s) referenced.
>
> We know that Amazon takes product authenticity very seriously and Amazon requires sellers to list items that exactly match the detail pages. Therefore, we respectfully request that Amazon immediately and proactively remove these sellers from the mentioned ASIN(s) and prohibit these sellers from listing

___

| **CIVIL MINUTES – GENERAL** | 3 |
|---|---|

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00082-JLS-KES                                    Date: June 30, 2020
Title: TP Link USA Corporation v. Careful Shopper LLC et al.

> against these ASIN(s) in the future.
>
> Thank You,
> Youngblood

(*Id*. at 3-4.)  Careful Shopper argues that the above complaint demonstrates that the complaints submitted against it for listing counterfeit products on the Amazon marketplace are not of the type protected by California's anti-SLAPP statute or the litigation privilege because they do not relate to contemplated litigation and are not in furtherance of the objects of any litigation.  (Mot. at 10.)

## II.     LEGAL STANDARD

Careful Shopper specifies only that it files its Motion pursuant to Central District of California Local Rule 7-18(a), which allows for a motion for reconsideration based on "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision."  (Notice of Motion, Doc. 88 at ii; Mot. at 2.)  The Motion thus appears to be brought under Federal Rule of Civil Procedure 60(b).

A district court has "inherent jurisdiction to modify, alter, or revoke" a prior order.  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  And Rule 60(b) "provides the general authority for a federal district court to relieve a party from a prior order or judgment."  *Imagenetix, Inc. v. GNC Holdings, Inc.*, No. 12-CV-89-H (RBB), 2013 WL 12114630, at *4 (S.D. Cal. Jan. 28, 2013).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such reconsideration of a prior order is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources[,]'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), appropriately granted only where the court has been presented with "exceptional

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00082-JLS-KES | Date: June 30, 2020 |

Title: TP Link USA Corporation v. Careful Shopper LLC et al.

circumstances." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992). And a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

### III. <u>DISCUSSION</u>

As an initial matter, Careful Shopper has not founded its Motion on evidence that with "reasonable diligence could not have been known to [Careful Shopper] at the time" the Court ruled on TP Link's Motion to Strike or Dismiss. Careful Shopper's counsel was notified of the case in which the Fikhman deposition was filed, *Solu-Med, Inc. v. Youngblood Skin Care Products, Inc.,* Case No. 19-cv-60487 (S.D. FL), on or around March 6, 2020, weeks before the Court issued its prior Order. (Mot. at 6.) Nevertheless, he reviewed only a single document from the *Solu-Med* docket, a declaration which was relevant to another case in which he represents a party litigating against TP Link and Amazzia, *Thimes Solutions Inc. v. TP Link USA Corporation et al.*, No. 2:19-cv-10374-PA-E (C.D. Cal.). (*Id*.) Following this Court's March 23, 2020 ruling, he re-examined *Solu-Med* and "discovered Amazzia's key document," the language of the complaints assertedly filed with Amazon in the name of Youngblood Skin Care Products. (*Id*.) Careful Shopper cannot show reasonable diligence under Local Rule 7-18 where it had access to the "new" evidence before not only the issuance of the Court's ruling on TP Link's Motion, but also the scheduled hearing date. *See Bal Seal Eng'g, Inc v. Nelson Prod., Inc*, No. 8:13-cv-01880-JLS-KES, 2019 WL 2879879, at \*1-\*2 (C.D. Cal. Apr. 23, 2019) (finding lack of reasonable diligence within the meaning of Local Rule 7-18 where movant had access to "new" evidence prior to the hearing date scheduled for the motion in connection with which reconsideration was sought); *Ewing v. Megrdle*, No. CV 12-01334 MWF AJW, 2015 WL 1675030, at \*4 (C.D. Cal. Mar. 26, 2015), *aff'd*, 678 F. App'x 524 (9th Cir. 2017) (same where movant had access to "newly discovered evidence" prior to the date on which the court decided the motion in connection with which reconsideration was sought); *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, No. SACV 11-1062 JVS ANX, 2015 WL 13404114, at \*4 (C.D. Cal. Aug. 10, 2015) (same where movant knew that relevant information might be found via a specific source but

___

_____
### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

failed to diligently monitor the source between the time it submitted its opposition brief and the date of the hearing on the motion). For that reason, Careful Shopper's Motion fails at the outset.

Even assuming, *arguendo*, that the Fikhman deposition does constitute evidence that with "reasonable diligence could not have been known to [Careful Shopper] at the time" the Court ruled on TP Link's Motion to Strike or Dismiss, the Motion at bar still fails. That is because the deposition is not material. In other words, even assuming that, according to Careful Shopper's "working hypothesis," TP Link and Amazzia transmitted complaints to Amazon that closely resemble those submitted on behalf of Youngblood Skin Care Products, it does not change the reasoning or result of the Court's prior order.

Careful Shopper asserts that the verbiage of the complaint demonstrates that TP Link's allegations of counterfeiting were not made in anticipation of litigation and "indeed . . . did not even hint at litigation." (Mot. at 14.) The Court first addresses why Careful Shopper's "new" evidence fails to undermine TP Link's prima facie showing that the stricken counterclaims arose from protected acts taken in furtherance of TP Link's right to petition. The Court then explains why Careful Shopper has similarly failed to demonstrate that the complaints, in the form identified, fall outside of California's absolute litigation privilege.

As the Court explained in its Dismissal Order, a party moving to strike claims under California's anti-SLAPP statute, must first make an initial prima facie showing that the challenged claims arise from acts taken in furtherance of the rights to petition or free speech. (Dismissal Order at 6 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003).) And "[t]he California Supreme Court has held that 'communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within' the broad ambit of and entitled to protection under § 425.16." (*Id.* at 10 (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999).) The Court explained, in depth, that here the complaints submitted to Amazon, even if for counterfeiting and not trademark infringement, are covered under the anti-SLAPP statute, "which focuses squarely on the relationship between the subject matters of the prelitigation communications and lawsuit ultimately brought, and not on the identity of the specific claims implicated by each." (*Id.* at 11-12.) That is because

_____

_____

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

both the counterfeiting complaints and trademark infringement claims constitute related attempts to prevent further misuse of TP Link property, the "TP LINK" trademarks.  As with analogous cases addressed in the Court's Order, the complaints were "'unequivocally relate[d] to the substantive issues in the litigation against Defendants, and [were] directed to persons having some interest in the litigation, as [Amazon] could well serve as witnesses to Defendants' alleged wrongdoing.'"  (*Id*. (discussing *GWS Techs., Inc. v. Furth, No. SACV 08-00586-CJC(PLAx)*, 2010 WL 11520562 (C.D. Cal. Mar. 25, 2010); *Sparrow LLC v. Lora*, No. CV-14-1188-MWF (JCX), 2014 WL 12573525 (C.D. Cal. Dec. 4, 2014); *Fitbit, Inc. v. Laguna 2, LLC*, 2018 WL 306724 (N.D. Cal. Jan. 5, 2018), *reconsideration denied*, No. 17-CV-00079-EMC, 2018 WL 620121 (N.D. Cal. Jan. 30, 2018).  Careful Shopper's identification of complaint language which explicitly references trademark infringement, showing a clear connection to the claims presently brought, does nothing to alter this analysis or the Court's conclusion that TP Link successfully made a prima facie showing of anti-SLAPP coverage.

   Careful Shopper's argument that the complaints' supposed verbiage shows that they were not submitted with an "intent to pursue legal proceedings," (Mot. at 11-18), goes more to whether to they are insulated under California's litigation privilege.  Where, as here, the requisite prima facie showing has been made, the Court proceeds to the second step of the anti-SLAPP analysis, in which the burden shifts to Careful Shopper, as the party asserting the challenged claims, "to demonstrate a probability of prevailing" on them. (Dismissal Oder at 7 (citing *Vess*, 317 F.3d at 1110).)  "In other words, [Careful Shopper] must demonstrate that the challenged claims are 'legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by [Careful Shopper] is credited.'"  (*Id*. (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001)).)  As the Court previously explained, California's litigation privilege "plays a key role in ensuring that the channels used to 'investigate and remedy wrongdoing' remain open and unimpeded.'"  (*Id*. (quoting *Kashian v. Harriman*, 98 Cal. App. 4th 892, 926 (2002)).)  "'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

objects of the litigation; and (4) that have some connection or logical relation to the action.'" (*Id*. (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)).) "'Thus, communications with some relation to judicial proceedings are absolutely immune from tort liability by the litigation privilege.'" (*Id*. (quoting *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006)).) And privileged communications include those between private parties "made as part of the preparation for an official proceeding." *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 781-83 (1996). For the same reasons that the Court found the counterfeiting complaints under the ambit of the anti-SLAPP statute, it found them "sufficiently related to this litigation" to qualify for protection under the litigation privilege. (*See id*. at 13-16.) The Court was unconvinced by Careful Shopper's prior contention that the litigation privilege was inapplicable "because the TP Link/Amazzia communications to Amazon regarding counterfeiting were made in bad faith, with the goal of devastating Careful Shopper's business." (*Id*. at 15-16.) The Court clarified that California's litigation privilege is an absolute one, to which the presence of bad faith or knowingly false communications is irrelevant. (*Id*.)

      Careful Shopper argues that in light of the uncovered purported complaint language, it is now clear that the communications lacked a requisite "unequivocal expression of contemplated litigation." (Mot. at 11.) But California appellate courts are divided on whether there exists such a requirement. *Compare Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 22-26, 34 (1997) (holding, in a case where it was argued that statements made many years before litigation commenced were privileged, that "a lawsuit or some other form of proceeding must actually be suggested or proposed, orally or in writing"), *with Reiswig v. Ferentz,* No. G030233, 2003 WL 22495625, at *3-*4 (Cal. Ct. App. Nov. 4, 2003) (collecting cases which demonstrate that "[a] prelitigation communication need not specifically reference a contemplated lawsuit to fall within the privilege"). And the California Supreme Court—despite addressing the litigation privilege on numerous occasions—has never explicitly held that this manner of unequivocal expression is a necessary condition to privilege. *See, e.g., Rubin v. Green*, 4 Cal. 4th 1187, 1194-95 (1993) (explaining the litigation privilege's "expansive reach" and stating that it was "late in the day to contend that [pre-litigation] communications with 'some relation' to an anticipated lawsuit are not within the privilege") (collecting

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

cases where various kinds of "preliminary" actions were deemed covered by the privilege); *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350, 361 (2004) ("courts have applied the privilege to eliminate the threat of liability for communications made during all kinds of truth-seeking proceedings") (noting that the privilege applies to statements which precede the filing of a lawsuit, "whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit").[3] Instead, to enjoy privilege a prelitigation communication must simply "relate[] to litigation that is contemplated in good faith and under serious consideration." *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007). "The requirement of good faith contemplation and serious consideration provides some assurance that the communication has some 'connection or logical relation' to a contemplated action and is made 'to achieve the objects' of the litigation." *Malin v. Singer*, 217 Cal. App. 4th 1283, 1301 (2013) (quoting *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007)). The concern is whether there is a "*functional* connection," *i.e.*, "the *communicative* act—[]must function as a necessary or useful step in the litigation process and must serve its purposes." *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1146 (1996).

But assuming that the supposed Youngblood complaint language is relevant in this case, it demonstrates that the complaints submitted to Amazon against Careful Shopper were closely connected to this lawsuit and aimed at achieving the same objective, halting the improper sale of TP Link products which allegedly infringed on TP Link's intellectual property rights.[4] (*See* Dismissal Order at 12, 15.) The complaint is strongly worded, expressly references a violation of TP Link's registered trademark, and is clearly aimed at securing the removal of the offending listings from amazon.com. Because the complaints were directed to third-party Amazon and not the alleged wrongdoer, it is not

___

[3] *See also Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1268-69 (2008) (disregarding *Edwards* and it's "imminent threat of litigation" requirement in part because whereas in *Edwards*, the statements at issue were made more than five years before the initiation of a lawsuit, in *Neville*, like here, the timeframe involved a matter of months).

[4] TP Link presently seeks an injunction preventing Defendants and Counterclaimants from, among other things, "advertising, promoting, marketing, offering for sale, selling or using the TP-LINK® Marks in connection with networking products." (Prayer For Relief, Complaint at 13-15, Doc. 1.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00082-JLS-KES | Date: June 30, 2020 |
| Title: TP Link USA Corporation v. Careful Shopper LLC et al. | |

surprising that they lacked an explicit threat of litigation. That the language, sent to such a third-party, lacks an "unequivocal expression of contemplated litigation" does not *ipso facto* render the complaints unprivileged. *See, e.g., Fitbit*, 2018 WL 306724, at *9 (finding privileged very similar complaints submitted to Groupon regarding "stolen" products being sold on the website); *Kashian*, 98 Cal. App. 4th at 926-28 (emphasizing the importance of the litigation privilege's application to communications directed towards channels of communication used to call attention to suspected wrongdoing and finding a letter to attorney general's office, requesting an investigation, privileged); *Rohde v. Wolf*, 154 Cal. App. 4th 28, 37-38 (2007) (determining that pre-suit voicemails and other communications were privileged when "the spectre of litigation" loomed, even though not all explicitly threatened litigation). Given the obvious connection between the complaint language, which alleges violation of a TP Link trademark, and the instant litigation, in which TP Link principally asserts trademark infringement claims, it is plain that the communications had "some 'connection or logical relation' to a contemplated action and [were] made 'to achieve the objects' of the litigation." *Malin*, 217 Cal. App. 4th at 1301. As is clear from the cases discussed herein, such a complaint is the sort of preliminary pre-suit act entitled to protection under the litigation privilege.[5]

___

[5] Careful Shopper briefly suggests that whether the complaints were sent in connection with litigation contemplated in good faith and under serious consideration is a question of fact. (Mot. at 16 (citing *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th at 1251).) In *Action Apartment Assn.*, the court merely explained that a city ordinance authorizing "civil and criminal penalties against a landlord who maliciously serves a notice of eviction or brings any action to recover possession of a rental unit without a reasonable factual or legal basis" was pre-empted by California's litigation privilege only insofar as there was conflict between the two. 41 Cal. 4th at 1251. In other words, the ordinance was pre-empted by the litigation privilege to the extent it established "civil penalties for eviction notices where litigation is contemplated in good faith and under serious consideration." *Id*. Thus, determining the exact extent of the pre-emption required analysis of facts pertaining to individual eviction notices and in *Action Apartment Assn.*, the "plaintiffs' complaint offer[ed] very little description of the City's threatened action or the notice of eviction." *Id*. at 1252. In contrast, where, as here, the supposed language of the complaint has been provided, application of the litigation privilege is a question of law, not fact.

___

**CIVIL MINUTES – GENERAL**

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00082-JLS-KES                                              Date: June 30, 2020

Title: TP Link USA Corporation v. Careful Shopper LLC et al.

  Accordingly, Careful Shopper has again failed to demonstrate the necessary probability of success on its first two counterclaims.

## IV. <u>CONCLUSION</u>

 For the foregoing reasons, Careful Shopper's Motion for Reconsideration is DENIED.

                 Initials of Preparer:  _____